A. Clifford Edwards
Triel D. Culver
EDWARDS, FRICKLE & CULVER
P.O. Box 20039
Billings, Montana 59104
Telephone: (406) 256-8155
triel@edwardslawfirm.org

John Heenan
HEENAN LAW FIRM
P.O. Box 2278
Billings, MT 59103
Telephone: (406) 839-9091
john@heenanlawfirm.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JEANIE COLE,<br><br>Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC; WASHINGTON MUTUAL, INC.; JOHNSON, RODENBURG & LAUINGER; MARTHA KUNKLE aka LAURIE KUNKLE; AMY JO CAUTHERN-MUNOZ; and JOHN DOES I – X,<br><br>Defendants. | Cause No: CV-08-036-GF<br><br><br>COMPLAINT AND JURY DEMAND |

COMES NOW Plaintiff, by and through her counsel of record, and for her Complaint against Defendants, allege as follows:

## SUMMARY OF CASE

1. Defendants, by injecting false and fraudulent affidavits into legal proceedings in the attempted collection of debt, engaged in a concerted practice of fraudulent, misleading and unlawful debt collection and litigation activity against Plaintiff. This action is instituted in accordance with and to remedy Defendants' violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. ("FDCPA"), and related state law obligations brought as supplemental claims thereto.

## PARTIES AND JURISDICTION

2. Plaintiff was at all times relevant hereto a resident and citizen of Hill County, Montana.

3. Defendant Portfolio Recovery Associates ("Portfolio") is a foreign limited liability company existing pursuant to the laws of the State of Delaware. Portfolio maintains its principal business address at 120 Corporate Boulevard, City of Norfolk, Virginia. Portfolio is engaged in the business of purchasing debt (a "junk debt buyer") and debt collection activities. Portfolio is a "debt collector" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

4. Defendant Johnson, Rodenburg & Lauinger (hereafter "Johnson Rodenburg") is a foreign partnership engaged in the business of debt collection as well as the practice of law in the State of Montana, and is a "debt collector" as defined under the FDCPA. Johnson Rodenburg's principal place of business is 1004 East Central Ave., Bismarck, North Dakota. No Johnson Rodenburg attorney is physically located in the State of Montana, but several are licensed to practice law in the State of Montana. Johnson Rodenburg regularly files lawsuits against Montana residents in Montana courts as part of its debt collection activities and is a "debt collector" ad defined by 15 U.S.C. 1692a(6).

5. Defendant Washington Mutual, Inc. is a Washington corporation with its principal place of business in Seattle, Washington. Its registered agent is Susan R. Taylor, 1301 2nd Ave., Seattle, WA 98101.

6. Defendant Martha Kunkle, aka Laurie Kunkle, upon information and belief, is a resident and citizen of the State of Texas. Upon information and belief, Defendant Kunkle is an employee of Defendant Washington Mutual, Inc.

7. Defendant Amy Jo Cauthern-Munoz, upon on information and belief, is a resident, citizen and Notary Public of the State of Texas. On May 24, 2007, Defendant Cauthern-Munoz acted in an official capacity as a notary public in and for the State of Texas.

8. Defendants John Does I – X are individuals or business entities unknown to Plaintiff at this time and therefore are sued by fictitious names. Plaintiff is informed and believes, and on that basis alleges, that each of the John Doe Defendants was in some manner legally responsible for the events, happenings, injuries, and damages alleged in this Complaint.

9. Jurisdiction over Plaintiff's FDCPA claim is proper in this Court pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. This Court has supplemental jurisdiction to hear and adjudicate Plaintiff's state law causes of action pursuant to 28 U.S.C. § 1367.

10. Personal jurisdiction is proper as to all Defendants, each of whom has conducted debt collection and/or litigation activities in the State of Montana, availed itself of the Montana court system in its capacity as a debt collector and law firm, and committed unlawful conduct towards Plaintiff, a Montana resident and citizen.

11. Venue is proper in the Great Falls Division because Plaintiff is a Hill County, Montana resident and the pertinent facts occurred in Hill County, Montana.

## BACKGROUND

12. Plaintiff Portfolio Recovery Associates, LLC is a "junk debt buyer," a "term used to describe a company that purchases delinquent debts from a

creditor for a fraction of the face value of the debt." Based on its alleged purchase of "junk debt" related to Ms. Cole, on August 17, 2006, Portfolio, by and through the Johnson, Rodenburg & Lauinger law firm, sued Ms. Cole on an alleged Providian National Bank credit card debt which Portfolio contended was assigned to it. (*Portfolio Recovery Associates, LLC v. Jeanie Cole*, Cause No. DV 06-134 (Twelfth Judicial District Court) (Hon. Judge Rice presiding) (hereafter "state case.")

13. On May 7, 2007, Ms. Cole filed a motion for summary judgment in the state case, asserting that Portfolio had failed to prove it was a real party in interest or otherwise had standing to sue her.

14. On May 25, 2007, Portfolio, by and through the Johnson, Rodenburg & Lauinger law firm, filed by mail a brief in opposition to Ms. Cole's summary judgment motion. The brief included, and relied upon, an affidavit provided by a "Martha Kunkle". Defendant Kunkle, according to the filings in the state case, was at all times relevant hereto an agent and/or employee of Defendant Washington Mutual and acting in her capacity therein.

15. The affidavit was signed by a "Martha Kunkle/mm" and notarized by Defendant Amy Jo Cauthern-Munoz:

Executed on May 24, 2007 at Arlington, Texas.

*Martha Kunkle/mm*; Martha Kunkle, Designated Agent

Subscribed and sworn to me this 24th day of May, 2007.

*[signature]*
Notary Public

Amy Jo Caulhern-Munoz
My Commission Expires
11/27/2010

Affidavit is attached as Exhibit "1" and incorporated by reference.

16. Ms. Cole subsequently obtained information indicating that the signature on the Kunkle affidavit was false and misleading. Specifically, Ms. Cole discovered another affidavit from "Martha Kunkle" with a different signature. Ms. Cole supplied this information to Judge Rice in the state case.

17. On July 19, 2007, Judge Rice held a hearing on Ms. Cole's summary judgment motion. Judge Rice, at that time, expressed concerns about the authenticity and veracity of the affidavit.

18. Judge Rice then ordered Portfolio to make Martha Kunkle available for deposition in Montana. Portfolio, by and through the Johnson, Rodenburg & Lauinger law firm, disregarded Judge Rice's order, and were thereafter subjected to sanctions, the terms of which are pending resolution.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## (as to Defendant Portfolio and Johnson, Rodenburg & Lauinger)

19.     Plaintiff repeats and re-alleges Paragraphs 1 through 18.

20.     Defendants Portfolio and Johnson, Rodenburg & Lauinger are each "debt collectors" as defined by the Fair Debt Collection Practices Act ("FDCPA.") 15 U.S.C. § 1692 et seq.

21.     Defendants violated § 1692e(10) of the Fair Debt Collection Practices Act by: (1) using a name other than the true name of the debt collector's agent, business, company or organization; and (2) filing an affidavit in Montana State Court litigation which contained a false signature, pseudonym signature and/or false acknowledgement in an attempt to collect a debt.

22.     Plaintiff has suffered and continues to suffer damages as a result of Defendants' violations of the Fair Debt Collection Practices Act.

23.     Plaintiff is entitled to recover all compensatory and actual damages (including punitive damages), as well as statutory damages of $1,000 for each violation, costs and attorney's fees as provided by the Fair Debt Collection Practices Act.

## COUNT II
## VIOLATION OF MONTANA UNFAIR TRADE PRACTICES AND
## CONSUMER PROTECTION ACT (as to all Defendants)

24.     Plaintiff repeats and re-alleges Paragraphs 1 through 23.

25.   Plaintiff is a "consumer" pursuant to the Montana Consumer Protection Act. Mont. Code Ann. § 30-14-101 *et seq.*

26.   In violation of the Montana Consumer Protection Act, Defendants, and each of them, engaged in unfair or deceptive acts or practices in the conduct of their respective commerce or trade by filing an affidavit in Montana State Court litigation which contained a false signature, pseudonym signature and/or false acknowledgment in an attempt to collect a debt.

27.   Plaintiff has suffered and continues to suffer damages as a result of Defendants' unfair and deceptive acts and conduct.

28.   Plaintiff is entitled to recover all compensatory and actual damages (including, but not limited to emotional distress and punitive damages), as well as treble damages, costs and attorney's fees as provided by the Montana Consumer Protection Act.

## COUNT III – FRAUD/NEGLIGENT MISREPRESENTATION
### (as to Defendant Cauthern-Munoz)

29.   Plaintiff repeats and realleges the allegations of paragraphs 1 through 28 as if fully set forth herein.

30.   As a notary public, Defendant Cauthern-Munoz knew that the laws of the State of Texas require that a notary must verify the genuineness of signatures on an instrument before acknowledging the signature to be the signatory's free act and deed.

31. In the May 24, 2007 Affidavit of Martha Kunkle, Defendant certified that Martha Kunkle was known to Defendant to be the individual described in the Affidavit, in that she appeared personally before Defendant on May 24, 2007, and acknowledged execution of the instrument.

32. Plaintiff is informed and believes, and on the basis of that information and belief alleges, that the acknowledgment was false and that Defendant knew of that falsity and that defendant intended to and did convey the impression that she had actual knowledge of the matters as they were stated and certified in the acknowledgment. Plaintiff is further informed and believes, and on the basis of that information and belief alleges, that even if Defendant had no knowledge in certifying the acknowledgment as a notary public, no effort was made by Defendant to ascertain the identity of the person swearing to the instrument nor were any other reasonable efforts exercised by Defendant to learn the identity of that person.

33. Defendant Cauthern-Munoz purposefully did not verify the genuineness of Ms. Kunkle's signature or allowed a pseudonym signature and false acknowledgment to be used and Plaintiff suffered damages as a result.

## COUNT IV – NEGLIGENCE
### (as to Defendant Cauthern-Munoz)

34. Plaintiff repeats and realleges the allegations of paragraphs 1 through 33 as if fully set forth herein.

35. Defendant Cauthern-Munoz, by failing to verify the genuineness of Ms. Kunkle's signature or allowing a pseudonym signature and false acknowledgment to be used, breached the duty of care Defendant owed to the Plaintiff as a notary public, and Plaintiff suffered damage as a result.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants for the all damages to which they are entitled to under Montana and Federal law for the following:

A. Declaratory judgment that Defendants Johnson Rodenburg and Portfolio's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages;

D. Treble damages;

E. Costs and reasonable attorney's fees;

F. Punitive damages pursuant to Mont. Code Ann. § 27-1-221; and

G. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all of the issues in this action.

DATED this 21st day of May, 2008

        EDWARDS, FRICKLE & CULVER

        HEENAN LAW FIRM


        By:   /s/ Triel D. Culver
             Triel D. Culver
             Attorneys for Plaintiff