IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| JEANIE COLE,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC, et al.<br><br>　　　　　　Defendants. | CV-08-36-GF-RKS<br><br>**ORDER DENYING MOTION TO DISMISS** |

<u>STATUS</u>

　　Plaintiff's complaint pleads two counts against the Defendant law firm Johnson, Rodenburg & Lauinger (JR&L), C.D. 1. Count I purports to assert a claim under 15 U.S.C. §1692, et seq, the Fair Debt Collection Practices Act (FDCPA) Complaint ¶20, C.D. 1. Count II pleads a claim based upon the Montana Unfair Trade Practices and Consumer Protection Act, §30-14-101 eq seq, Complaint ¶25, C.D. 1. Jurisdiction is alleged under 28 U S C §1331 and 15 U S C §1692(d) for the FDCPA claim; supplemental jurisdiction is requested for the state law claim. The parties

-1-

have consented to the undersigned.  C.D. 32.

JR&L has moved to dismiss Counts I and II for failure to state a claim upon which relief can be granted against it.  C.D. 13.  The motion is fully briefed.  Plaintiff has alleged sufficient facts to state a claim upon which relief might be granted under both counts so JR&L's motion will be denied.

## RULE 12 STANDARD

The Court takes the allegations of the Complaint as true in deciding a Rule 12(b)(6), F.R. Civ. P. motion to dismiss for failure to state a claim.  The United States Supreme Court has recently explained the standard under which the allegations are to be reviewed in such a motion.  In Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1964 et seq, the Court reviewed the standard in detail.  When that standard is applied to these allegations, Plaintiff has pleaded sufficient facts that dismissal is inappropriate at this procedural stage.

## FACTS

A fair reading of the Complaint reveals that Plaintiff has alleged in Count I that JR&L is regularly engaged in the business of consumer debt collection and engages in that business through litigation in Montana.  Complaint ¶ 20-21, C.D. 1.  In the course of that debt collection business, it is alleged, JR&L, concocted and filed false or misleading affidavits signed by others in order to facilitate the collection of debt through the litigation process.  The complaint does not allege that JR&L

presented themselves as witnesses or testified but rather asserts that JR&L obtained and used the affidavits of other witnesses as a part of JR&L's own business of consumer debt collection conduct.  Complaint ¶ 21,C.D. 1.  The Court must take these allegations as true, even if they appear doubtful.  Bell Atlantic v. Twombly, supra, 127 S. Ct at 1965.

### THE FDCPA COUNT

The pleadings thus show that JR&L's motion is not well taken.  JR&L argue at length that witness immunity requires dismissal, citing Briscoe v. LaHue, 460 U.S. 325, 328 (1983) and other cases.  The argument is the classic straw man tactic.  JR&L are not alleged in the Complaint to have given false testimony as witnesses, but rather to be engaged in the business of debt collection and furthering that business through the creation and filing of false or misleading affidavits of other witnesses during the litigation process which is alleged to be their business conduct.  Witness immunity does not apply to protect JR&L unless they are witnesses.

JR&L also relies upon Guerrero v. RJM Acquisitions LLC 499. F. 3d 926 (9th Cir. 2007) to argue for dismissal asserting that the representations in affidavit form even if made and even if false, were not made directly to the Plaintiff.  But in Guerrero, the conduct in question was not, as here, litigation activities.  Guerrero does not purport in any way to eliminate litigation conduct as a potential basis for FDCPA liability - Guerrero

simply does not concern the issue these allegations present. See, 15 U.S.C. §1692a(b), <u>Heintz v. Jenkins</u>, 514 U.S. 291, 294 (1995).

On the specific issue of immunity, the cases Plaintiff cites are highly persuasive.  See <u>Sayyed v. Wolpoff & Abramson</u>, 485 F. 3d 226 (4th Cir 2007), <u>Todd v. Weltman, Weinberg & Reis Co., L.P.A</u> 434 F. 3d 432, 444 (6th Cir. 2006), <u>Delawder v. Platinum Financial Services Corp. et al</u>, 443 F. Supp 2d 942, 947 (S.D. Ohio, 2005), <u>Irwin v. Mascott</u>, 112 F. Supp 2d 937 (N.D. Cal 2000).  Assuming the facts pleaded are true, as <u>Bell Atlantic supra</u> requires, holding a law firm liable for filing false or misleading affidavits in litigated matters to facilitate its business of debt collection does not contravene either the underlying goals of witness immunity or the spirit or the letter of the Fair Debt Collection Practices Act.  The Ninth Circuit has made clear that exceptions to liability under the FDCPA are narrowly construed in this strict liability statute.  See <u>Reichert v. National Credit Systems, Inc.</u>, 531 F.3d 1002 (9th Cir. 2008).

<u>THE STATE LAW COUNT</u>

Applying the <u>Twombly</u> standard, it is clear that Count II also states a claim for relief.  Plaintiff has alleged that JR&L is in the business of debt collection as part of its legal practice and includes litigation as a part of its debt collection business.  Complaint, ¶ 26 , C.D. 1.  That allegation, at least

-4-

at the pleading stage, places JR&L well within the Montana Consumer Protection and Unfair Trade Practices Act's ambit.  §30-14-102(8) MCA.  Plaintiff has alleged facts, which if proved, would support a finding of liability under the state statute in the course of their debt collection business.  Complaint, ¶ 27, C.D. 1.

## CONCLUSION

Plaintiff's allegations, taken as true, state claims against JR&L under each of Counts I and II.  JR&L's Motion to Dismiss, C.D. 13, is **DENIED.**

DATED this 12th day of September, 2008.


/s/ Keith Strong
Keith Strong
U.S. Magistrate Judge