Thomas M. Hefferon (*pro hac vice*)
Goodwin Procter LLP
901 New York Avenue, NW
Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444

Mark D. Meyer
Ugrin, Alexander, Zadick & Higgins, P.C.
#2 Railroad Square, Suite B
P.O. Box 1746
Great Falls, MT 59403
Telephone: (406) 771-0007
Facsimile: (406) 452-9360

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

|  |  |
|---|---|
| JEANIE COLE, | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO. CV-08-036-GF-RKS |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, et al., | ) **DEFENDANT MARTHA KUNKLE'S ANSWER TO SECOND AMENDED COMPLAINT** |
| Defendants. | ) |

Defendant Martha Kunkle hereby responds to the Second Amended

Complaint ("Complaint") filed on or about February 19, 2009 by Plaintiffs Jeanie

Cole, Cathy Switters, and James Mosti (collectively referred to herein as "Plaintiffs"):

## INTRODUCTORY STATEMENT

The Second Amended Complaint contains only one cause of action against Kunkle, Count I.  By Order dated July 31, 2009, the Court dismissed Count I for failure to state a claim.  Because there are no remaining causes of action in the Second Amended Complaint asserted against Kunkle, she is not required to respond to it.   Kunkle files this Answer only because counsel for Plaintiffs informed undersigned counsel that Plaintiffs believe the Second Amended Complaint does include causes of action against Kunkle.  By the filing of this Answer, Kunkle does not concede that there are any causes of action in the Second Amended Complaint directed at her.

## "SUMMARY OF THE CASE"

1.      The allegations contained in Paragraph 1 of the Complaint are introductory in nature and are legal conclusions, such that no response is required.  Furthermore, no response is required to the allegations pertaining to alleged violations of the Racketeer Influenced Corrupt Organizations Act ("RICO") because this count has already been dismissed as to Kunkle.  To the extent a response is necessary, Kunkle states that the Complaint speaks for itself.  To the extent the allegations contained in Paragraph 1 are inconsistent with the

2

Complaint, Kunkle denies them.

## "**PARTIES AND JURISDICTION**"

2.      The allegations contained in Paragraph 2 of the Complaint concern a party about whom Kunkle lacks knowledge and information sufficient to either admit or deny the allegations.

3.      The allegations contained in Paragraph 3 of the Complaint concern a party about whom Kunkle lacks knowledge and information sufficient to either admit or deny the allegations.

4.      The allegations contained in Paragraph 4 of the Complaint concern a party about whom Kunkle lacks knowledge and information sufficient to either admit or deny the allegations.

5.      The allegations contained in Paragraph 5 of the Complaint are not directed at Kunkle, and concern a party about whom Kunkle lacks knowledge and information sufficient to either admit or deny the allegations.  Answering further, Kunkle admits on information and belief that Defendant PRA collects debts.  To the extent a further response is required, Kunkle denies the remaining allegations contained in Paragraph 5.

6.      Kunkle admits the allegations contained in the first sentence of Paragraph 6 of the Complaint.  With respect to the allegations contained in the second sentence of Paragraph 6, Kunkle admits that she was formerly employed by

3

Washington Mutual Bank FA ("Washington Mutual") from May 2005 until April 2008, but otherwise denies the allegations.

7. The allegations contained in Paragraph 7 of the Complaint are not directed at Kunkle, and concern a party about whom Kunkle lacks knowledge and information sufficient to either admit or deny the allegations. Answering further, Kunkle admits on information and belief that Defendant Amy Cauthern-Munoz was a resident of the State of Texas and a notary public and that she was an employee of Washington Mutual from 2005 until at least 2008. To the extent a further response is required, Kunkle denies the remaining allegations contained in Paragraph 7.

8. The allegations contained in Paragraph 8 of the Complaint are not directed at Kunkle, and concern a party about whom Kunkle lacks knowledge and information sufficient to either admit or deny the allegations.

9. The allegations contained in Paragraph 9 of the Complaint are not directed at Kunkle, and concern a party about whom Kunkle lacks knowledge and information sufficient to either admit or deny the allegations. Answering further, Kunkle admits on information and belief that CACV collects debts. To the extent a further response is required, Kunkle denies the remaining allegations contained in Paragraph 9.

10. The allegations contained in Paragraph 10 of the Complaint are not

4

directed at Kunkle, and concern parties about whom Kunkle lacks knowledge and information sufficient to either admit or deny the allegations.

11.     The allegations contained in Paragraph 11 of the Complaint set forth conclusions of law to which no response is required.  To the extent a response is necessary, Kunkle denies the allegations.

12.     Kunkle denies the allegations contained in Paragraph 12 of the Complaint.  Kunkle specifically denies that she is a debt collector and/or a law firm, that she conducted debt collection and/or litigation activities in Montana or elsewhere, denies that she has conducted business in Montana, and generally denies that personal jurisdiction is proper as to her.

13.     The allegations contained in Paragraph 13 of the Complaint set forth conclusions of law to which no response is required.  Answering further, Kunkle lacks knowledge and information regarding the terms of the Providian credit card contract sufficient to either admit or deny the allegations.  To the extent a further response is necessary, Kunkle denies the allegations.

14.     Kunkle states that she lacks sufficient information to either admit or deny the allegations contained in the third sentence of Paragraph 14 of the Complaint.  Kunkle denies the remainder of the allegations in Paragraph 14. Kunkle specifically denies that this Court has general or specific jurisdiction over her.

15.     The allegations contained in Paragraph 15 of the Complaint set forth conclusions of law to which no response is required.  To the extent a response is necessary, Kunkle denies the allegations contained in Paragraph 15.

16.     The allegations contained in Paragraph 16 of the Complaint set forth conclusions of law to which no response is required.  To the extent a response is necessary, Kunkle denies the allegations contained in Paragraph 16.

## "FACTS"

17.     The allegations contained in Paragraph 17 of the Complaint are not directed at Kunkle, and concern parties and events about which Kunkle lacks knowledge and information sufficient to either admit or deny the allegations.

18.     The allegations contained in Paragraph 18 of the Complaint are not directed at Kunkle, and concern parties and events about which Kunkle lacks knowledge and information sufficient to either admit or deny the allegations.

19.     The allegations contained in Paragraph 19 of the Complaint are not directed at Kunkle, and concern parties and events about which Kunkle lacks knowledge and information sufficient to either admit or deny the allegations.

20.     With respect to the allegations contained in Paragraph 20 of the Complaint, Kunkle states that the affidavit at issue speaks for itself with respect to its content, and, to the extent the allegations are inconsistent with the affidavit, Kunkle denies them.  Kunkle further states that the remaining allegations concern

parties and events about which Kunkle lacks knowledge and information  sufficient to either admit or deny the allegations.

21.    In response to the allegations contained in Paragraph 21 of the Complaint, Kunkle states that the affidavit speaks for itself with respect to its content, and, to the extent the allegations are inconsistent with the affidavit, Kunkle denies them.

22.    The allegations contained in Paragraph 22 of the Complaint concern parties and events about whom Kunkle lacks knowledge and information sufficient to either admit or deny the allegations.  To the extent a response is required, Kunkle denies the allegations contained in Paragraph 22.

23.    The allegations contained in Paragraph 23 of the Complaint concern parties and events about which Kunkle lacks knowledge and information sufficient to either admit or deny the allegations.

24.    The allegations contained in Paragraph 24 of the Complaint concern parties and events about which Kunkle lacks knowledge and information sufficient to either admit or deny the allegations.

25.    The allegations contained in Paragraph 25 of the Complaint concern parties and events about which Kunkle lacks knowledge and information sufficient to either admit or deny the allegations.

26.    The allegations contained in Paragraph 26 of the Complaint concern

parties and events about which Kunkle lacks knowledge and information sufficient to either admit or deny the allegations.  To the extent a response is required, Kunkle denies the allegations contained in Paragraph 26.  Kunkle specifically denies that Cole incurred attorney's fees as a consequence of any actions or omissions by Kunkle.

27.     The allegations contained in Paragraph 27 of the Complaint are not directed at Kunkle, and concern parties and events about which Kunkle lacks knowledge and information sufficient to either admit or deny the allegations.

28.     With respect to the allegations contained in Paragraph 28 of the Complaint, Kunkle states that the affidavit at issue (Exhibit C) speaks for itself with respect to its content, and, to the extent the allegations are inconsistent with the affidavit, Kunkle denies them.  Kunkle further states that the remaining allegations concerns parties and events about which Kunkle lacks knowledge and information sufficient to either admit or deny the allegations.

29.     In response to the allegations contained in Paragraph 29 of the Complaint, Kunkle states that the affidavit speaks for itself with respect to its content, and, to the extent the allegations are inconsistent with the affidavit, Kunkle denies them.

30.     The allegations contained in Paragraph 30 of the Complaint concern parties and events about which Kunkle lacks knowledge and information sufficient

8

to either admit or deny the allegations.

31.     The allegations contained in Paragraph 31 of the Complaint concern parties and events about which Kunkle lacks knowledge and information sufficient to either admit or deny the allegations.

32.     The allegations contained in Paragraph 32 of the Complaint concern parties and events about which Kunkle lacks knowledge and information sufficient to either admit or deny the allegations.

33.     The allegations contained in Paragraph 33 of the Complaint are not directed at Kunkle, and concern parties and events about which Kunkle lacks knowledge and information sufficient to either admit or deny the allegations.

34.     The allegations contained in Paragraph 34 of the Complaint concern parties and events about which Kunkle lacks knowledge and information sufficient to either admit or deny the allegations.

35.     The allegations contained in Paragraph 35 of the Complaint concern parties and events about which Kunkle lacks knowledge and information sufficient to either admit or deny the allegations.

36.     In response to the allegations contained in the first and second sentences of Paragraph 36 of the Complaint, Kunkle states that these allegations are not directed at her, and concern parties and events about which Kunkle lacks knowledge and information sufficient to either admit or deny the allegations.  To

the extent a response is required, Kunkle denies the allegations in the first and second sentences of Paragraph 36.

Paragraph 36 of the Complaint appears to continue on the top of page 14, as a third sentence of paragraph 36, though those allegations do not appear to be related to the Mosti state court action or the alleged affidavit (Exhibit D). In response to those allegations contained in the third sentence of Paragraph 36 of the Complaint, Kunkle admits that she also goes by the name "Lorraine Kunkle." In response to the allegations contained in the fourth sentence of Paragraph 36 of the Complaint, Kunkle admits that she was formerly employed by Washington Mutual, but denies the allegation that she was so employed "at all pertinent times hereto."

37.    In response to the allegations contained in Paragraph 37 of the Complaint, Kunkle admits that the affidavit attached as Exhibit B to the Complaint was not signed by her but was signed by Melody Moore, who was then an employee of Washington Mutual, but otherwise denies the allegations

38.    In response to the allegations contained in Paragraph 38 of the Complaint, Kunkle admits on information and belief based on her knowledge of Ms. Cauthern-Munoz' signature that the affidavit attached as Exhibit B to the Second Amended Complaint was notarized by Cauthern-Munoz, and admits on information and belief that Cauthern-Munoz knew the affidavit had not been executed by Kunkle. Kunkle otherwise denies the allegations.

39.     To the extent the allegations contained in Paragraph 39 of the Complaint set forth conclusions of law, no response is required; to the extent a response is necessary, Kunkle denies the allegations.  Kunkle otherwise denies the allegations.

40.     To the extent the allegations contained in Paragraph 40 of the Complaint set forth conclusions of law, no response is required; to the extent a response is necessary, Kunkle admits upon information and belief that Providian National Bank ("Providian") became part of Washington Mutual prior to August 2006, and otherwise denies the allegations.

41.     In response to the allegations contained in Paragraph 41 of the Complaint, Kunkle admits that she was the operations manager of the Asset Sales Division of Washington Mutual from August of 2006 until April of 2008, but otherwise denies the allegations.

42.     In response to the allegations contained in Paragraph 42 of the Complaint, Kunkle admits that she gave general authorization to certain employees in the Asset Sales Division of Washington Mutual to sign affidavits with the designation "Martha Kunkle" followed by a slash and the signing employee's initials, and to submit them to be notarized.  Kunkle further states that she cannot either admit or deny the allegation that such authorization was "with the approval of WaMu" because that would invade the attorney-client privilege.  Kunkle

11

otherwise denies the allegations contained in Paragraph 42.

43.     Kunkle admits on information and belief that PRA and CACV purchased debt from Washington Mutual, and did so at a discount, but otherwise lacks knowledge and information sufficient to either admit or deny the remaining allegations contained in Paragraph 43 of the Complaint.

44.     In response to the allegations in Paragraph 44 of the Complaint, Kunkle admits on information and belief that certain sales of debt involved the use of the internet or other computer applications, but lacks knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 44 of the Complaint.

45.     With respect to the allegations contained in Paragraph 45 of the Complaint, Kunkle admits that Washington Mutual entered into sales contracts with debt buyers that required Washington Mutual to provide information regarding the debt; Kunkle further states that the terms of those contracts are unique to each sale and varied by debt buyer.  Kunkle admits that, depending on the contract between the debt buyer and Washington Mutual, Washington Mutual might provide documentation of the debt for free or at a cost.  Further answering, Kunkle states that the contracts referred to, whichever they may be, speak for themselves and, to the extent the allegations contained in Paragraph 45 are inconsistent with those contracts, Kunkle denies them.

46.     The allegations contained in Paragraph 46 of the Complaint are not directed at Kunkle, and concern parties and events about which Kunkle lacks knowledge and information sufficient to either admit or deny the allegations.  To the extent a response is required, Kunkle denies the allegations contained in Paragraph 46.

47.     In response to the allegations contained in Paragraph 47 of the Complaint, Kunkle admits upon information and belief that Washington Mutual employees sometimes received and/or transmitted affidavits from or to debt buyers via e-mail or the Internet, but otherwise lacks sufficient information to either admit or deny the remaining allegations contained in Paragraph 47, and so denies them.

48.     In response to the allegations contained in Paragraph 48 of the Complaint, Kunkle admits that on some days, she signed several hundred affidavits in a day.  Kunkle denies the remaining allegations contained in Paragraph 48 of the Complaint.

49.     Kunkle admits on information and belief that thousands of affidavits were transmitted to debt buyers such as PRA and CACV.  Regarding the activities of PRA, CACV, and their attorneys, Kunkle states that she lacks knowledge and information sufficient to either admit or deny the allegations.  Kunkle denies the remaining allegations contained in Paragraph 49 of the Complaint.

50.     The allegations in Paragraph 50 are not directed at Kunkle, and she

lacks knowledge and information sufficient to either admit or deny the allegations. To the extent a response is required, Kunkle admits on information and belief that Washington Mutual did not regularly retain copies of the executed affidavits. Kunkle otherwise denies the allegations contained in Paragraph 50.

51.     The allegations contained in Paragraph 51 of the Complaint are not directed at Kunkle, and concern parties and events about which Kunkle lacks knowledge and information sufficient to either admit or deny the allegations.

52.     The allegations contained in Paragraph 52 of the Complaint are not directed at Kunkle, and concern parties and events about which Kunkle lacks knowledge and information sufficient to either admit or deny the allegations.

53.     The allegations contained in Paragraph 53 of the Complaint are not directed at Kunkle, and concern parties and events about which Kunkle lacks knowledge and information sufficient to either admit or deny the allegations.

54.     The allegations contained in Paragraph 54 of the Complaint are not directed at Kunkle, and concern parties and events about which Kunkle lacks knowledge and information sufficient to either admit or deny the allegations.

55.     In response to the allegations contained in Paragraph 55 of the Complaint, Kunkle admits that certain employees of the Asset Sales Division of Washington Mutual signed affidavits with the designation "Martha Kunkle" followed by a slash and the signing employee's initials, and further admits that

14

Cauthern-Munoz notarized some of those affidavits.  Kunkle otherwise denies the allegations.

56.     With respect to the allegations contained in Paragraph 56 of the Complaint, Kunkle admits that Cauthern-Munoz placed her notary stamp on affidavits that were signed by employees known to Cauthern-Munoz, with the designation "Martha Kunkle," followed by a slash and the signing employee's initials, and were not signed and sworn to by Kunkle.  Further answering, Kunkle states that the remaining allegations set forth conclusions of law to which no response is required.  Kunkle otherwise denies the allegations contained in Paragraph 56.

57.     The allegations contained in Paragraph 57 of the Complaint concern parties and events about which Kunkle lacks knowledge and information sufficient to either admit or deny the allegations.

58.     Kunkle denies the allegations contained in Paragraph 58 of the Complaint.

59.     The allegations in Paragraph 59 of the Complaint, to the extent the alleged requirements of Texas law are asserted, contain conclusions of law to which no response is required; to the extent a response is necessary, Kunkle denies the allegations.  Kunkle otherwise denies the allegations.

60.     The allegations contained in Paragraph 60 of the Complaint are not

directed at Kunkle, and concern parties and events about which Kunkle lacks knowledge and information sufficient to either admit or deny the allegations, so no response is necessary.  To the extent a response is required, Kunkle denies the allegations contained in Paragraph 60.

## "COUNT I

## VIOLATION OF THE RACKETEER INFLUENCED CORRUPT ORGANIZATION ACT

### (Asserted on behalf of Plaintiffs and the Putative Class)"

61.     Kunkle incorporates by reference her responses to Paragraphs 1 through 60 of the Complaint.

62-92.     Count I has been dismissed as to Kunkle.  As a consequence, no response is required to the allegations in Paragraphs 62 through and including 92 of the Complaint.  To the extent a response is necessary, Kunkle denies the allegations except to the extent the allegations set forth conclusions of law, to which no response is required, or the allegations are otherwise responded to elsewhere in this Answer.

## "COUNT II

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### (Asserted on behalf of Plaintiffs and the Putative Class)"

93.     Kunkle incorporates by reference her responses to Paragraphs 1

16

through 92 of the Complaint.

94.     The allegations contained in Paragraph 94 of the Complaint do not apply to Kunkle and, in any event state legal conclusions, such that no response is required.  To the extent a response is necessary, Kunkle denies them with respect to Kunkle.

95.     The allegations contained in Paragraph 95 of the Complaint do not apply to Kunkle and so no response is required, and state conclusions of law to which no response is required.

96.     The allegations contained in Paragraph 96 of the Complaint do not apply to Kunkle and so no response is required.  To the extent a response is necessary, Kunkle denies that she violated the cited statute and otherwise denies the allegations.

97.     The allegations contained in Paragraph 97 of the Complaint do not apply to Kunkle and so no response is required, and state conclusions of law to which no response is required.  To the extent a response is necessary, Kunkle denies them with respect to Kunkle.

98.     The allegations contained in Paragraph 98 of the Complaint do not apply to Kunkle and so no response is required. To the extent a response is necessary, Kunkle denies them with respect to Kunkle.

99.   Kunkle denies the allegations contained in Paragraph 99 of the Complaint.

100.   Kunkle denies the allegations contained in Paragraph 100 of the Complaint.

## "COUNT III

## VIOLATION OF THE NEW HAMPSHIRE UNFAIR, DECEPTIVE OR UNREASONABLE COLLECTION PRACTICES ACT

### (Asserted on behalf of Plaintiffs and the Putative Class)"

101.   Kunkle incorporates by reference her responses to Paragraphs 1 through 100 of the Complaint.

102.   The allegations contained in Paragraph 102 of the Complaint are legal conclusions to which no response is required.  To the extent a response is necessary, Kunkle states that she lacks knowledge and information as to the content of the choice of law provision in the subject contracts sufficient to either admit or deny the allegations.

103.   The allegations contained in Paragraph 103 of the Complaint do not apply to Kunkle and so no response is required.

104.   The allegations contained in Paragraph 104 of the Complaint do not apply to Kunkle and so no response is required, and contain conclusions of law to which no response is required.

105.   The allegations contained in Paragraph 105 of the Complaint do not apply to Kunkle and so no response is required.  To the extent a response is necessary, Kunkle denies the allegations.

106.   Kunkle denies the allegations contained in Paragraph 106 of the Complaint.

107.   Kunkle denies the allegations contained in Paragraph 107 of the Complaint.

## "COUNT IV

## VIOLATION OF NEW HAMPSHIRE UNFAIR TRADE PRACTICES ACT

### (Asserted on behalf of Plaintiffs and the Putative Class)"

108.   Kunkle incorporates by reference her responses to 1 through 107 of the Complaint.

109.   The allegations contained in Paragraph 109 of the Complaint do not apply to Kunkle and so no response is required, and contain conclusions of law to which no response is required.

110.   The allegations contained in Paragraph 110 of the Complaint do not apply to Kunkle and so no response is required, and state conclusions of law to which no response is required.

111.   The allegations contained in Paragraph 111 of the Complaint do not apply to Kunkle because the only parties alleged to have violated the New

Hampshire Fair Debt Collection Practices Act are PRA, CACV, and JRL (see paragraph 105 of the Complaint), and so no response is required.  To the extent a response is necessary, Kunkle denies the allegations contained in Paragraph 111.

112.   The allegations contained in Paragraph 112 of the Complaint do not apply to Kunkle because the only parties alleged to have violated the New Hampshire Fair Debt Collection Practices Act are PRA, CACV, and JRL (see paragraph 105 of the Complaint), and so no response is required.  To the extent a response is required, Kunkle denies the allegations contained in Paragraph 112.

113.   The allegations contained in Paragraph 113 of the Complaint do not apply to Kunkle because the only parties alleged to have violated the New Hampshire Fair Debt Collection Practices Act are PRA, CACV, and JRL (see paragraph 105 of the Complaint), and so no response is required.  To the extent a response is required, Kunkle denies the allegations contained in Paragraph 113.

114.   The allegations contained in Paragraph 114 of the Complaint do not apply to Kunkle because the only parties alleged to have violated the New Hampshire Fair Debt Collection Practices Act are PRA, CACV, and JRL (see paragraph 105 of the Complaint), and so no response is required.  To the extent a response is required, Kunkle denies the allegations contained in Paragraph 114 and specifically denies that class certification is appropriate in this case.

## "COUNT V

## BREACH OF OFFICIAL DUTY

### (Against Defendant Cauthern-Munoz Only)"

115.    Kunkle incorporates by reference her responses to Paragraphs 1 through 114 of the Complaint.

116-118.   The allegations contained in Paragraphs 116 through 118 of the Complaint do not apply to Kunkle and thus no response is required.

## "CLASS DEFINITIONS, ALLEGATIONS

## AND INJURY TO THE CLASS"

119.    With respect to the allegations contained in Paragraph 119 of the Complaint, Kunkle states that the paragraph is introductory in nature and speaks for itself.  Further answering, Kunkle specifically denies that class certification is appropriate in this case.

120.    With respect to the allegations contained in Paragraph 120 of the Complaint, Kunkle states that the paragraph is introductory and speaks for itself. Further answering, Kunkle specifically denies that class certification is appropriate in this case.

121.    Kunkle denies the allegations contained in Paragraph 121 of the Complaint.  Kunkle specifically denies that class certification is appropriate in this case.

LIBW/1721216.6

122.   Kunkle denies the allegations contained in Paragraph 122 of the Complaint, including all of its subparts.  Kunkle specifically denies that class certification is appropriate in this case.

123.   Kunkle denies the allegations contained in Paragraph 123 of the Complaint and specifically denies that class certification is appropriate in this case.

124.   Kunkle denies the allegations contained in Paragraph 124 of the Complaint and specifically denies that class certification is appropriate in this case.

## "PRAYER FOR RELIEF"

With respect to the prayer for relief following Paragraph 124 of the Complaint, appearing on pages 41–42 of the Second Amended Complaint, Kunkle denies that Plaintiffs are entitled to any of the relief requested and specifically denies that class certification is appropriate in this case.

## AFFIRMATIVE DEFENSES

### First Defense

Kunkle hereby relies on and reasserts all defenses contained in her prior pleadings, including the motions to dismiss previously filed.

### Second Defense

Plaintiffs claims under Count I are barred as to Kunkle by the Court's July 31, 2009 Order granting, in part, the Employee Defendants' Motion to Dismiss.

Based on that Order, all affirmative defenses arising under RICO are expressly reserved.

### Third Defense

The Court lacks personal jurisdiction over Kunkle.

### Fourth Defense

The Complaint fails to state a claim upon which relief may be granted.

### Fifth Defense

To the extent affidavits were filed in court, Plaintiffs' claims are barred or limited by the litigation privilege or similar concepts.

### Sixth Defense

Plaintiffs' claims are barred in whole or in part by the doctrines of *res judicata*, collateral estoppel, judgment, or similar concepts.  Without limitation, orders, findings, and/or judgments entered in state court collection actions commenced by PRA or CACV operate to bar or limit Plaintiffs' claims.

### Seventh Defense

Plaintiffs' claims are barred or limited in whole or in part to the extent they are an impermissible collateral attack on past or pending collection actions and/or judgments entered by other courts.

### Eighth Defense

Plaintiffs' claims are barred or limited in whole or in part based on waiver.

## Ninth Defense

Plaintiffs' claims are barred or limited in whole or in part by applicable statutes of limitations.

## Tenth Defense

Plaintiffs' claims for equitable relief are barred or limited in whole or in part by the doctrines of laches, unclean hands, estoppel, and other equitable doctrines because entry of the relief requested would be inequitable.

## Eleventh Defense

Plaintiffs' damages, if any, were caused in whole or in part by acts or omissions of persons for whom Kunkle was not legally responsible.

## Twelfth Defense

Plaintiffs' damages, if any, were caused in whole or in part by their own conduct.

## Thirteenth Defense

Plaintiffs' claims are barred or limited in whole or in part by their voluntary payments of the debts at issue.

## Fourteenth Defense

Plaintiffs may not recover on their claims because they suffered no damages, the damages sought are too speculative and remote, and/or the damages were not caused by the actions of Kunkle.

24

### Fifteenth Defense

Plaintiffs' demand for punitive damages is barred or limited, in whole or in part, by the United States and Montana Constitutions.

### Sixteenth Defense

Neither this case nor any part of it may be certified as a class action pursuant to Federal Rules of Civil Procedure 23 or otherwise.

### Seventeenth Defense

The Court lacks power and/or jurisdiction to enter some or all of the relief Plaintiffs' seek on behalf of themselves and/or the putative class.

### Eighteenth Defense

Venue is improper over the claims of some of the members of the putative class.

### Nineteenth Defense

Plaintiffs' claims are barred in whole or in part because one or more of the Plaintiffs lack standing to assert the claim.

### Twentieth Defense

This Court is not the appropriate forum for the claims of Plaintiffs and/or putative class members to the extent primary or exclusive jurisdiction over the claims or any remedies for the alleged acts or omissions lies with another state or federal court or administrative agency.

### Twenty-First Defense

The acts or conduct of others constitute intervening causes superseding or limiting any liability for Kunkle's acts or conduct.

### Twenty-Second Defense

Plaintiffs' claims are barred or limited in whole or in part by federal, state, or local law, statutes, or rules that bar or limit the procedure for vacating, altering, or collaterally attacking judgments or orders of federal, state or local courts.

### Twenty-Third Defense

With respect to Counts Three and Four, Kunkle reserves and asserts all statutory exclusions and defenses.

### Twenty-Fourth Defense

Plaintiffs' claims are barred or reduced based on Plaintiffs' failure to mitigate damages.

### Twenty-Fifth Defense

Plaintiffs' claims based on violations of New Hampshire law are barred because applying New Hampshire law against Kunkle would violate the United States and Texas Constitutions.

### Twenty-Sixth Defense

With respect to absent class members, Kunkle reserves all affirmative defenses and claims, including but not limited to:  (1) defenses of lack and

26

jurisdiction, standing, preemption, *res judicata*, collateral estoppel, statute of limitations, latches, discharge, bankruptcy, arbitration, claim preclusion, release, settlement, judgment, waiver, or similar concepts; (2) affirmative defenses of the nature listed herein with respect to Plaintiffs' claims; and (3) such other defenses as may be revealed upon review of the facts and circumstances of their transactions.

### Twenty-Seventh Defense

The Court should abstain from hearing the case, or awarding damages or other relief.

### Twenty-Eighth Defense

The Court lacks jurisdiction over events and circumstances that took place in other federal, state or local courts.

### Twenty-Ninth Defense

Kunkle is protected from liability by principles of limited liability for the employees of a federal savings and loan.

### Thirtieth Defense

Kunkle is protected from liability to the extent her employer, Washington Mutual, was or would have been protected from liability or its liability would be limited, including under principles of federal banking preemption.

### Thirty-First Defense

Plaintiffs' claims are essentially and effectively claims against Washington Mutual, and so are barred by the legal effect of the receivership by FDIC of Washington Mutual, by federal law and regulations related to the disposition of rights and claims for a failed institution (including 12 U.S.C. § 1821 and associated regulations), and by the FDIC's disposition of Plaintiffs' claims (if any) filed with FDIC.

### Thirty-Second Defense

Kunkle reserves her rights to assert any additional or different defenses and affirmative defenses in response to the Complaint based on information or knowledge obtained during future discovery or investigation and/or based on the particular circumstances of the class members in the event that class is certified.

### <u>PRAYER FOR RELIEF</u>

WHEREFORE, having fully answered, Defendant Kunkle respectfully requests that the Court grant following relief:

1.  That the Court enter Judgment in her favor and against the Plaintiffs, dismissing the Complaint with prejudice;

2.  That all costs of the action be cast upon the Plaintiffs; and

3.  For any such further relief to which she may be entitled.

LIBW/1721216.6

DATED this 21st day of October, 2009.

By:    /s/ Thomas M. Hefferon
       Thomas M. Hefferon (*pro hac vice*)
       Goodwin Procter LLP
       901 New York Avenue, NW
       Washington, DC 20001
       Telephone: (202) 346-4000
       Facsimile: (202) 346-4444

       Mark D. Meyer
       Ugrin, Alexander, Zadick & Higgins, P.C.
       #2 Railroad Square, Suite B
       P.O. Box 1746
       Great Falls, MT 59403
       Telephone: (406) 771-0007
       Facsimile: (406) 452-9360

LIBW/1721216.6

## CERTIFICATE OF SERVICE

I hereby certify that on, October 21, 2009, a copy of the foregoing document was served on the following persons by CM/ECF and/or U.S. mail:

1. Clerk, U.S. District Court

2. A. Clifford Edwards

3. Benjamin R. Bingham

4. John Heenan

5. Allen P. Lanning

6. Allison L. Cannizaro

7. Bryan C. Shartle

8. David Israel

9. Lisa Lauinger

10. Michael F. McMahon

11. Richard R. Stedman

12. Triel Culver

13. Royal B. Lea

By: /s/ Thomas M. Hefferon
Thomas M. Hefferon
Attorney for Defendants
Martha Kunkle
and Amy Jo Cauthern-Munoz