IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | | |
|---|---|---|
| JEANIE COLE, CATHY SWITTERS, JAMES MOSTI and KAREN JENNINGS | ) ) ) | HON. KEITH STRONG |
| | ) | **CAUSE NO. CV-08-036-GF** |
| Plaintiffs, | ) ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER RE:  PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS, AND APPROVAL OF NOTICE OF PROPOSED CLASS ACTION SETTLEMENT, AND THIRD AMENDED COMPLAINT**

The Joint Motion of Plaintiffs Cathy Switters and James Mosti ("Plaintiffs") and Defendant CACV of Colorado, LLC ("CACV") for Preliminary Approval of Class Action Settlement, Preliminary Certification of Settlement Class, and Approval of Proposed Class Action Settlement ("Motion for Preliminary Approval") and Plaintiffs' Motion for Leave to File Third Amended Complaint came on regularly for hearing before this Court on December 17, 2009, the Honorable Keith Strong presiding.  Royal Lea and John Heenan appeared for Plaintiffs.  Brian Maschler, Nicholas Pagnotta and Manuel Newberger appeared for CACV.  Mark Meyers appeared for Defendants Martha Kunkle and Amy Jo Cauthern-Munoz (the "Employee Defendants").  The Court, having reviewed and considered (1) Plaintiffs' and CACV's Motion for Preliminary Approval and the Employee Defendants' Response to that Motion and (2) Plaintiffs' Motion for Leave to File Third Amended Complaint and the Employee Defendants'

Opposition to that Motion, and having heard and considered the arguments presented by the parties' counsel at the December 17, 2009 hearing, AND GOOD CAUSE APPEARING THEREFOR, hereby orders as follows:

1.    The Joint Motion for Preliminary Approval is GRANTED in accordance with the findings and terms set forth below.

2.    Plaintiffs' Motion for Leave to File Third Amended Complaint is GRANTED with respect to those elements and allegations relevant to the effectuation of the parties' class action settlements.[1]  Accordingly, for the purpose of and subject to the class action settlement between Plaintiffs and CACV, CACH, LLC ("CACH") is hereby added as a party to this action and may be a party to said settlement agreement.

In support of these Orders, the Court finds and rules as follows:

The Court has been advised that certain parties to this action, Plaintiffs Cathy Switters, James Mosti and Karen Jennings, and Defendants CACV and CACH, through their respective counsel, have agreed, subject to Court approval following notice to the Class Members and a hearing, to settle the above-captioned lawsuit (hereinafter referred to as the "Lawsuit") upon the terms and conditions set forth in the Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which has been filed with the Court, and the Court deeming that the definitions set forth in the Agreement are hereby incorporated by reference herein (with capitalized terms as set forth in the Agreement);

Based upon the Agreement, and all of the files, records, and proceedings herein, the Court finds that, upon preliminary examination, the proposed settlement is fair, reasonable, and adequate.  A final Fairness Hearing should and will be held on **March 19, 2010 at 1:30 p.m.**, after notice to the Class Members, to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine

---

[1] The remainder of this Motion remains under submission.

2

whether a Final Order and Judgment should be entered in this Lawsuit.  The Court further finds:

1.      The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2.      <u>CLASS MEMBERS</u>.  Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby preliminarily and conditionally certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit:

> All persons who are or previously were indebted on Providian National Bank credit card accounts and against whom CACV or CACH used, in any manner, an affidavit that either: (a) was signed by a purported agent of Providian National Bank after October 1, 2005; or (b) was signed with a "/" as part of the signature of the purported affiant.

3.      CACV and CACH represent that there are over 15,000 Class Members.

4.      <u>SUBCLASSES.</u>   The Class Members will be divided into the following 4 Subclasses:

<u>Subclass A</u> – Class members whose accounts are still owned by CACV as of thirty (30) days after the date of the Final Fairness Hearing and as to whom affidavits were prepared for CACV after October 1, 2005 (when Washington Mutual Bank, N.A. acquired Providian National Bank), which affidavits do not have a "/" as part of the affiant's signature

<u>Subclass B</u> – Class members as to whom affidavits were prepared for CACV after October 1, 2005, which affidavits have a "/" as part of the affiant's signature.

Subclass C – Class members whose accounts are still owned by CACH as of thirty (30) days after the date of the Final Fairness Hearing and as to whom affidavits were prepared for CACH after October 1, 2005, which affidavits do not have a "/" as part of the affiant's signature.

Subclass D – Class members as to whom affidavits were prepared for CACH after October 1, 2005, which affidavits have a "/" as part of the affiant's signature.

5.    "Contest" or "Contested" for purposes of determining what Subclass a Class Member falls into shall relate to whether the Class Member answered the collection lawsuit filed against him or her by CACV or CACH, or in some way responded to the collection lawsuit by making an appearance or filing a pleading in the collection lawsuit.

6.    CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT.   Pursuant to Fed. R. Civ. P. 23, the Court, for settlement purposes only, preliminarily certifies Plaintiffs Jeanie Cole, Cathy Switters and Karen Jennings as the Class Representatives and the HEENAN LAW FIRM; EDWARDS, FRICKLE & CULVER; and, BINGHAM & LEA, P.C., as Class Counsel for the Class Members.

7.    PRELIMINARY AND CONDITIONAL CLASS CERTIFICATION. The Court preliminarily finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A.    The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

B.    There are questions of law and fact common to the Class Members, which predominate over any individual questions;

C.    The claims of the Plaintiff are typical of the claims of the Class

Members;

D.     The Plaintiff and Class Counsel will fairly and adequately represent and protect the interests of all of the Class Members; and

E.     Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

8.     The Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiffs' case; the strength of CACV's and CACH's defenses; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the class; and, the limited amount of any potential total recovery for the class.

9.     NOTICES.  The Court approves the form and substance of the Notice of Class Action Settlement, attached to the Agreement as Exhibit C.  The Notice shall delete from its description of "Released Parties" reference to the fact that the Employee Defendants are *not* released under this settlement.  The proposed form and method for notifying the Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to the notice.  The Court finds that the proposed notice is clearly designed to advise the Class Members of their rights.  In accordance with the Agreement, CACV and CACH

shall cause the completed notice to be mailed to the Class Members as expeditiously as possible, but in no event later than 30 days after the Court's entry of this order, *i.e., no later than* **February 15, 2010**. No later than 10 days prior to the Fairness Hearing scheduled for March 19, 2010 at 1:30 p.m., *i.e., on or before* **March 9, 2010**, CACV and CACH shall file with the Court and serve upon Class Counsel an affidavit confirming that the notices were mailed in accordance with the Agreement and this order.   In the event that a Notice is returned as "Undelivered," CACV and CACH shall use their best efforts to obtain updated or alternative address information and re-send the Notice.

10.   <u>EXCLUSIONS</u>.  Any Class Member who desires to be excluded from the class must send a written request for exclusion to the third-party class action administrator identified in the class action notice with a postmark date no later than two (2) weeks before the date set for the final Fairness Hearing, *i.e., no later than* **March 5, 2010**.  To be effective, the written request for exclusion must state: the Class Member's full name, address, and telephone number and Social Security number (with all but the last four digits redacted); and that the Class Member wishes to be excluded.  Any Class Member who submits a valid and timely request for exclusion shall not be bound by the terms of the Agreement.

11.   <u>OBJECTIONS</u>.  Any Class Member who intends to object to the fairness of this settlement must file a written objection with the Court, at United States District Court, District of Montana, Missouri River Courthouse, 125 Central Avenue West, Great Falls, MT 59401, within two (2) weeks before the date set for the final Fairness Hearing, *i.e., no later than* **March 5, 2010**.  Further, any such Class Member must, within the same time period, provide a copy of the written objection to Class Counsel, Attention:  CACV/Switters Settlement, HEENAN LAW FIRM, P.O. Box 2278, Billings, MT 59103, and counsel for CACV and CACH, Attention:  Brian P. Maschler at GORDON & REES LLP, 275 Battery

Street, 20th Floor, San Francisco, CA 94111.   To be considered, the written objection must state:   his or her full name, address, and telephone number; his or her Social Security number (with all but the last four digits redacted); the factual and legal grounds for his or her objection; whether he or she intends to appear at the Fairness Hearing on his or her own behalf or through counsel; what evidence he or she intends to introduce at the Fairness Hearing; and the names, addresses, and phone numbers of all witnesses whom he or she will call at the Fairness Hearing.   Further, the Class Member must attach to his or her objection any documents supporting the objection.   Class Members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the settlement.

12.   <u>CLAIM FORMS</u>.   The Court preliminarily approves the form and substance of the proposed Claim Form, attached to the Agreement as Exhibit D. The Claim Form shall be included in the same mailing as the class action notices. In order to receive a settlement check or an account credit, Class Members of Subclasses B and D must sign and return the Claim Form to the settlement claims clerk identified on the Claim Form with a postmark date no later than thirty (30) days after the date of the final Fairness Hearing, *i.e., **no later than** April 19, 2010*. Pursuant to the Agreement, each Member of Subclass A who does not exclude himself or herself from the class and whose account is still owned by CACV as of thirty (30) days after the date of the Final Fairness Hearing will receive a $25 account credit, and each Member of Subclass C who does not exclude himself or herself from the class and whose account is still owned by CACH as of thirty (30) days after the date of the Final Fairness Hearing will receive a $25 account credit. Any other Class Member who does not exclude himself or herself from the class and whose completed Claim Form is received by CACV or CACH, with a postmark date before the aforementioned deadline, shall be entitled to receive a

settlement check and/or account credit as follows:

      I.    <u>Subclass B —$75 Settlement Check and Account Credit</u>.  Each Subclass B Member who properly completes and timely returns a Claim Form will receive a $75 settlement check, and

           (1)   a $160 credit on his/her credit card account (or the remaining balance on that account, whichever is lower) if no judgment has been entered against him/her with respect to that account; or

           (2)   a $320 credit on his/her credit card account (or the remaining balance on that account, whichever is lower) if a default judgment has been entered against him/her with respect to that account; or

           (3)   a $480 credit on his/her credit card account (or the remaining balance on that account, whichever is lower) if a judgment was taken in a Contested Litigation.

      II.    <u>Subclass D—$75 Settlement Check and Account Credit</u>.  Each Subclass D Member who properly completes and timely returns a Claim Form will receive a $75 settlement check, and

           (1)   a $160 credit on his/her credit card account (or the remaining balance on that account, whichever is lower) if no judgment has been entered against him/her with respect to that account; or

           (2)   a $320 credit on his/her credit card account (or the remaining balance on that account, whichever is lower) if a default judgment has been entered against him/her with respect to that account; or

(3)   a $480 credit on his/her credit card account (or the remaining balance on that account, whichever is lower) if a judgment was taken in a contested litigation.

Under no circumstance shall a Class Member be entitled to receive an account credit higher than the amount due on his or her credit card account owned by CACV or CACH at the time of the Final Fairness Hearing.  Furthermore, no Class Member shall be entitled to more than one recovery as set forth above, even if he or she received multiple affidavits or was sued in multiple suits.

13.   <u>FINAL APPROVAL</u>.   The Court shall conduct a final Fairness hearing (hereinafter referred to as the "Fairness Hearing") on **March 19, 2010**, at United States District Court, District of Montana, Missouri River Courthouse, 125 Central Avenue West, Great Falls, MT 59401, commencing at 1:30 p.m., to review and rule upon the following issues:

A.   Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P. 23;

B.   Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be finally approved by the Court;

C.   Whether the Final Order and Judgment, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties; and

D.   To discuss and review other issues as the Court deems appropriate.

14.   Attendance at the Fairness Hearing is not necessary.  Class Members need not appear at the hearing or take any other action to indicate their approval of

the proposed class action settlement.  Class Members who object to the settlement and who wish to be heard are, however, required to indicate in their written objections whether or not they intend to appear at the Fairness Hearing.  The Fairness Hearing may be postponed, adjourned, transferred, or continued without further notice to the Class Members.

15.    Submissions by the Parties, including memoranda in support of the proposed settlement, responses to any objections, petitions for attorney's fees and reimbursement of costs and expenses by Class Counsel, shall be filed with the Court no later than seven (7) days prior to the Fairness Hearing, *i.e.*, no later than **March 12, 2010**.

16.    The Agreement and this Order shall be null and void if any of the following occur:

A.    The Agreement is terminated by any of the Parties, or any specified condition to the settlement set forth in the Agreement is not satisfied and the satisfaction of such condition is not waived in writing by the Parties;

B.    The Court rejects, in any material respect, the Final Order and Judgment substantially in the form and content attached to the Agreement and/or the Parties fail to consent to the entry of another form of order in lieu thereof;

C.    The Court rejects any component of the Agreement, including any amendment thereto approved by the Parties; or

D.    The Court approves the Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

17.    If the Agreement and/or this order are voided per Paragraph 16 of this

10

Order, then the Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this order never entered.

18.     Until the Fairness Hearing described above, or further order of this Court, all Class Members are hereby preliminarily enjoined and ordered not to file, institute or prosecute any lawsuit or claim against CACV or CACH or any of their officers, directors, members, representatives, or employees arising out of or related to the same or similar circumstances, transactions or occurrences as are alleged in this case, such as said Defendant's use of affidavits of the type described in Paragraph 2 above.

19.     Furthermore, until 30 days after the Fairness Hearing described above, or further order of this Court, CACV and CACH are ordered not to transfer ownership or permit the recall of any class member's account.

20.     This Order shall not be construed or deemed to be a finding of this Court or evidence of a presumption, implication, concession, or admission by CACV or CACH concerning (1) any alleged liability, fault, or wrongdoing by either of those Defendants; (2) the appropriateness of any measure of alleged loss or damages; or (3) the appropriateness of class certification for any purposes other than settlement.  If the Settlement Agreement is terminated pursuant to its terms, or if the proposed settlement is not approved or consummated for any reason whatsoever, the settlement and all proceedings had in connection therewith including, without limitation, the preliminary class certification, shall be vacated without prejudice to the status quo ante rights of the parties to this action.

21.     The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

ORDER

IT IS SO ORDERED.


DATED: _____       _____

                                 THE HONORABLE R. KEITH STRONG