IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JEANIE COLE, *et al.*, ) | |
| ) | Case No. 4:08-cv-00036-RKS |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| PORTFOLIO RECOVERY ) | |
| ASSOCIATES, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### AFFIDAVIT OF MARYAN C. CARROLL

STATE OF ILLINOIS

COUNTY OF COOK

NOW BEFORE ME, the undersigned authority, personally came and appeared:

MARYAN C. CARROLL,

who, after being duly sworn, did depose and state:

1. I am a Case Manager for First Class, Inc. (FCI), and have personal knowledge of the above-captioned and numbered matter.

2. FCI, a Class Action Administration Service, was retained by Portfolio Recovery Associates, LLC (PRA) to administer certain aspects of PRA's

1

settlement of a portion of this class action, including the printing and mailing of notice and claim forms to the members of the class against PRA.

3. On January 26, 2010, FCI received spreadsheets from Sessions, Fishman, Nathan & Israel, LLC, containing 14,552 records consisting of the names and last known addresses of 4,789 Subclass A members and 9,763 Subclass B or C members.

4. Prior to mailing subclass-appropriate notices and claim forms to individuals on the spreadsheets, FCI followed its standard practice of processing the names and address information contained in the spreadsheets through the Coding Accuracy Support System (CASS) and the NCOA (National Change of Address) update process of the U.S. Postal Service using software certified by the U.S. Postal Service. CASS allows FCI to verify the address is correctly formatted for delivery and it also corrects zip codes. NCOA Move Update provides current address information, if available, and information regarding deliverability.

5. Despite FCI's practice of processing the name and address information through CASS and NCOA, FCI did not have and could not locate any mailing address for 1 Subclass A member. Consequently, on February 4, 2010, FCI mailed 4,788 Subclass A notices and claim forms via First Class mail, postage prepaid, with Forwarding Service Requested to 4,788 Subclass A members. The notice and claim form consisted of 4 double-sided letter-sized pages, folded and

inserted into a #10 envelope.

6. An exact sample of the Subclass A notice and claim form FCI mailed on February 4, 2010, is attached hereto as Exhibit A.

7. Despite FCI's practice of processing the class lists through CASS and NCOA, FCI did not have and could not locate any mailing address for 6 Subclass B or C members. Consequently, on February 4, 2010, FCI mailed 9,758 Subclass B and C notices and claim forms via First Class mail, postage prepaid, with Forwarding Service Requested to 9,758 Subclass B and C members. The notice and claim form consisted of 4 double-sided letter-sized pages, folded and inserted into a #10 envelope.

8. An exact sample of the Subclass B and C notice and claim form mailed on February 4, 2010, is attached hereto as Exhibit B.

9. As of March 9, 2010, a total of 891 Subclass A notices and claim forms have been returned to FCI as undeliverable with no forwarding address or further information provided by the U.S. Postal Service.

10. As of March 9, 2010, a total of 1,278 Subclass B and C notices and claim forms have been returned to FCI as undeliverable with no forwarding address or further information provided by the U.S. Postal Service.

11. As of March 9, 2010, a total of 14 Subclass A notices and claim forms were returned to FCI by the U.S. Postal Service with a new address for the class

member. In each such instance, FCI remailed the notice using the new address, and FCI updated the class database with the new address information.

12. As of March 9, 2010, a total of 33 Subclass B and C notices and claim forms were returned to FCI by the U.S. Postal Service with a new address for the class member. In each such instance, FCI remailed the notice using the new address, and FCI updated the class database with the new address information.

FURTHER AFFIANT SAYETH NOT.

_____
MARYAN C. CARROLL

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 10th DAY
OF MARCH 2010.

_____
NOTARY PUBLIC

Official Seal
Bailey Katherine Hughes
Notary Public State of Illinois
My Commission Expires 05/02/2012

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JEANIE COLE, *et al.*, | ) |
| Plaintiff, | ) Case No. 4:08-cv-00036-RKS |
| v. | ) |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, *et al.*, | ) |
| Defendants. | ) |

NOTICE OF CLASS ACTION LAWSUIT AND PROPOSED SETTLEMENT

PLEASE READ THIS NOTICE CAREFULLY.  IT EXPLAINS THAT
YOU MAY BE ENTITLED TO RECEIVE A PAYMENT FROM SETTLEMENT FUNDS.
**THIS IS NOT A NOTICE OF A LAWSUIT AGAINST YOU.**

### Why did I get this notice?

This is a notice of a proposed settlement in a class action lawsuit.  The settlement would resolve a lawsuit brought on behalf of persons against whom Portfolio Recovery Associates, LLC ("PRA") allegedly may have used (either directly, through an attorney or agent, or through a legal filing) an alleged deficient and improperly executed and notarized affidavit provided by Providian National Bank and/or Washington Mutual Bank.  You have received this notice because records indicate that you may be a member of the Class.  Your legal rights will be affected by the settlement of this lawsuit.

Please read this notice carefully.  It explains the lawsuit, the settlement, and your legal rights, including the process for receiving a settlement check, excluding yourself from the settlement, or objecting to the settlement.

### What is this lawsuit about?

This lawsuit was filed on May 21, 2008, in the United States District Court for the District of Montana.  The plaintiff, Jeanie Cole, claims that PRA violated state and federal law, including the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.*, by allegedly improperly using and/or relying upon an allegedly deficient and improperly executed and notarized affidavit provided by Providian National Bank and/or Washington Mutual Bank.

Exhibit A

PRA denies that it violated any law or regulation.

**Why is this a class action?**

In a class action, one or more people, called "Class Representatives" (in this case Ms. Cole), sue on behalf of people who have similar claims. All of these people together are a "Class" or "Class Members." The Court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

**Why is there a settlement?**

The plaintiff and PRA have agreed to settle the lawsuit to avoid the time, risk, and expense of defending the lawsuit and to achieve a final resolution of the claims. Under the proposed settlement, Class Members will have the opportunity to obtain a payment in exchange for giving up certain legal rights. The Class Representative and the attorneys think the settlement is best for all Class Members.

**How do I know if my claims are included in the settlement?**

You received this notice because PRA's records identified you as a possible Class Member. That means you potentially fit the description of the Class, which the Court certified for this settlement. The Class consists of all persons against whom PRA used (either directly, through an attorney or agent, or through a legal filing) an affidavit substantially similar to the affidavit form attached to Plaintiff's Second Amended Complaint as Exhibit B.

The Class is divided into the following 3 Subclasses:

<u>Subclass A Members—Class Members Not Sued</u> – The Subclass A Members include those Class Members who were *not* sued by PRA.

<u>Subclass B Members—Class Members Sued, Lawsuit *Un*contested</u> – The Subclass B Members include those Class Members PRA sued, but who did *not* "Contest" (as defined below) the collection lawsuit PRA filed against them.

<u>Subclass C Members—Class Members Sued, Lawsuit Contested</u> – The Subclass C Members include those Class Members PRA sued, and who did "Contest" (as defined below) the collection lawsuit PRA filed against them.

<u>"Contest"</u> or <u>"Contested"</u> for purposes of determining what Subclass a Class Member falls into shall relate to whether the Class Member answered the collection lawsuit filed against him or her by PRA, or in someway responded to the collection lawsuit by filing a pleading (or other papers) in the collection lawsuit.

2

**How do I know what Subclass I fall into?**

Look at the enclosed Claim Form.  If you are in Subclass A, your Claim Form will say "Claim Form—Subclass A Members."  If you are in Subclass B or C, your Claim Form will say "Claim Form—Subclass B and C Members."

If you "Contested" the collection lawsuit PRA filed against you (as defined above), then you fall into Subclass C and you will need to certify that fact by completing the certification on the backside of your Claim Form for Subclass B and C Members.  *Please understand that you cannot make a false certification.  If you make a false certification, you will not be entitled to any settlement check, as described below*.

**What does the settlement provide?**

PRA will issue a settlement check to every Class Member who has not excluded himself or herself from the settlement (as explained below) and who has submitted a timely and properly completed Claim Form.  The amount of the check will depend upon what Subclass the Class Member falls into, with the check amounts being $25 for Subclass A Members; $70 for Subclass B Members; and, $200 for Subclass C Members.  PRA will also pay attorneys' fees, costs, and expenses in addition to the relief provided to the Class Members, in an amount approved by the Court. Class Counsel has not yet filed papers requesting that the Court approve fees and expenses in any amount.  Class Counsel intends to apply to the Court for a service payment of $2,000 for the Class Representative to compensate her for helping to bring the lawsuit and PRA has agreed to pay that service payment if the Court approves the settlement.  PRA has also agreed to pay the costs associated with settlement notice and administration.

**How much will I be paid?**

It depends upon what Subclass you fall into.  If you do not exclude yourself from the settlement and you timely return the attached Claim Form properly completed, you will receive a settlement check based upon what Subclass you fall into as follows:  Subclass A Members will receive a $25 settlement check; Subclass B Members will receive a $70 settlement check; and Subclass C Members will receive a $200 settlement check.

**How can I get a payment?**

To qualify for a payment, you must return a signed and properly completed Claim Form by March 6, 2010.  A Claim Form is enclosed with this notice.

If you do not return the completed Claim Form timely, you will not receive a settlement payment.

**When will I be paid?**

If the Court approves the settlement, you will be paid as soon as possible after the Court order

3

becomes final, estimated to be no sooner than April 18, 2010. If there is an appeal of the settlement, payment may be delayed.

**What rights am I giving up in this settlement?**

Unless you exclude yourself from this settlement, you will be considered a member of the Class, which means you give up your right to sue or continue a lawsuit against PRA regarding the legal issues that were raised or could have been raised in this case. Giving up your legal claims is called a release. Unless you formally exclude yourself from this settlement, you will release your claims whether or not you submit a Claim Form and receive a settlement payment.

The released parties include PRA and its affiliated entities. You will be releasing these parties from all claims related to the allegedly deficient affidavit that may have been used against you.

For more information on the release, released parties, and released claims, you may obtain a copy of the Class Action Settlement Agreement from the Class Counsel at the address below.

**Can I exclude myself from the settlement?**

You may exclude yourself from the settlement. If you exclude yourself from the settlement, you will not receive any settlement payment, but you will retain the right to sue PRA separately, at your own expense, for any claims you might have.

**How do I exclude myself from the settlement?**

If you wish to be excluded, you must mail a written request for exclusion to the PRA/Cole Settlement Administrator at:

> **First Class, Inc. / J10658A - Cole**
> **5410 W Roosevelt Rd Ste 222**
> **Chicago, IL 60644-1479**

Your request for exclusion must be in writing and postmarked on or before March 6, 2010. The request must state: "I do not want to be part of the Class in Cole v. PRA." The request should be signed, with your name, address, and telephone number printed below your signature. The address you use should be the address to which this notice was mailed, so that you can be properly identified.

**When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing on *March 19, 2010, at 1:30 P.M.* The hearing will be held in the United States District Court, District of Montana, Missouri River Courthouse, 125 Central Avenue West, Great Falls, MT 59404. At the Fairness Hearing, the Court will consider whether the proposed settlement is fair, reasonable, and adequate. The Court will hear objections to the settlement, if any.

After the hearing, the Court will decide whether to approve the settlement.  We do not know how long the Court will take to make its decision.  In addition, the hearing may be continued at any time by the Court without further notice to you.

**Do I have to attend the hearing?**

No.  You are not required to attend the hearing.  But you are welcome to attend the hearing at your own expense, and you may ask the Court's permission to speak.  To do so, you must send a letter stating that it is your intention to appear in Cole v. PRA.  Be sure to include your name, address, telephone number, and signature.  Your letter stating your intention to appear must be received no later than March 6, 2010 and be sent to the Clerk of Court, Class Counsel, and Defense Counsel at the addresses below.

You cannot speak at the hearing if you have excluded yourself from the settlement.  Once you have excluded yourself, the settlement does not affect your legal rights.

**What if I want to object to the settlement?**

If you have not excluded yourself from the settlement, you can object to the settlement if you do not believe it is fair or reasonable.  If you wish to object, you must write a letter to the Court stating the specific reason for your objection, and describe any evidence you wish to introduce to support your objection.  Please include your name, address, telephone number, and your signature.  Your letter must be mailed to all of the locations listed below, postmarked by March 6, 2010.  You may combine your objection with a letter stating your intention to appear.

| Court | Class Counsel | Defense Counsel |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>District of Montana<br>Missouri River Courthouse<br>125 Central Avenue West<br>Great Falls, MT  59404 | John Heenan, Esq.<br>Heenan Law Firm<br>PRA/Cole Settlement<br>P.O. Box 2278, Billings, MT 59103 | David Israel, Esq.<br>Bryan Shartle, Esq.<br>Sessions, Fishman, Nathan & Israel, LLC<br>PRA/Cole Settlement<br>P.O. Box 6680<br>Metairie, LA 70009-6680 |

**What if I do nothing?**

If you do nothing, you will not receive any settlement check.  Unless you exclude yourself from the settlement, you will not be able to sue or continue a lawsuit against the released parties regarding the legal issues in this case.

**What will happen if the Court does not approve the settlement?**

If the Court does not approve the settlement, or if it approves the settlement and the approval is reversed on appeal, or if the settlement does not become final for some other reason, you will not be paid at this time and the case will continue.  The parties may negotiate a different settlement or the case may go to trial.

**Who represents the Class?**

The attorneys who have been appointed by the Court to represent the Class are:

| | |
|---|---|
| John C. Heenan | A. Clifford Edwards |
| HEENAN LAW FIRM | Triel Culver |
| P.O. Box 2278 | EDWARDS, FRICKLE & CULVER |
| Billings, MT 59103 | P.O. Box 20039 |
| Phone:  406-839-9091 | Billings, MT 59104-0039 |
| Fax:  406-839-9092 | Phone:  406-256-8155 |
| | Fax:  406-256-8159 |

Benjamin R. Bingham
Royal B. Lea, III
BINGHAM & LEA, P.C.
319 Maverick Street
San Antonio, TX 78212
Phone:  210-224-1819
Fax:  210-224-0141

**Where can I get additional information?**

This notice is only a summary of the proposed settlement of this lawsuit.  All pleadings and documents filed in Court, including the Class Action Settlement Agreement, may be reviewed or copied in the Clerk of Court, United States District Court for the District of Montana or by contacting Class Counsel.  **Please do not call the Judge about this case**.  **Neither the Judge, nor the Clerk of Court, will be able to give you advice about this case.**

Clerk of Court
United States District Court
District of Montana

Mailing Date:  February 4, 2010

| | | |
|---|---|---|
| **First Class, Inc. J10658A - Cole**<br>**5410 W Roosevelt Rd, Ste 222**<br>**Chicago, IL 60644-1479** | **CLAIM FORM** | PRESORTED<br>FIRST CLASS MAIL<br>U.S. POSTAGE<br>PAID<br>CHICAGO IL<br>PERMIT NO. 3182 |

**FORWARDING SERVICE REQUESTED**

## CLAIM FORM—SUBCLASS A MEMBERS

To receive a $25 settlement check, you must complete, sign, and return this claim form.  If, after completing and signing this claim form, you do not return it to the PRA Claims Administrator at the below address, by first class mail, postmarked on or before March 6, 2010, you will *not* receive a settlement check.  Any claim form postmarked after March 6, 2010 will *not* be considered valid.  Save a copy of what you mail the Claims Administrator.

For a discussion of the benefits of the settlement, please refer to the enclosed notice.  The earliest date to expect your check is approximately April 18, 2010 if there is no appeal in the case.  **If you want the check mailed to an address different from where you received this notice, indicate the address on the following line:**

_____

**PLEASE NOTE:  The personal information you are providing will not be disclosed to any other person or company, or used for any collection purpose.**

> **Mail Completed Claim Form To:**
> **First Class, Inc. / J10658A – Cole**
> **5410 W Roosevelt Rd Ste 222**
> **Chicago, IL 60644-1479**

## VERIFICATION

I understand that by submitting this claim form and accepting the settlement check, I am releasing PRA from the claims made against the company in the lawsuit.  By signing below, I also hereby verify under penalty of perjury that I am the individual named on the notice mailed to me along with this claim form.

_____    _____    _____
Sign Your Name Here                            Print Your Name Here                              Date

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

|  |  |
|---|---|
| JEANIE COLE, *et al.*, <br><br> Plaintiff, <br><br> v. <br><br> PORTFOLIO RECOVERY ASSOCIATES, LLC, *et al.*, <br><br> Defendants. | Case No. 4:08-cv-00036-RKS |

NOTICE OF CLASS ACTION LAWSUIT AND PROPOSED SETTLEMENT

PLEASE READ THIS NOTICE CAREFULLY.  IT EXPLAINS THAT
YOU MAY BE ENTITLED TO RECEIVE A PAYMENT FROM SETTLEMENT FUNDS.
THIS IS NOT A NOTICE OF A LAWSUIT AGAINST YOU.

### Why did I get this notice?

This is a notice of a proposed settlement in a class action lawsuit.  The settlement would resolve a lawsuit brought on behalf of persons against whom Portfolio Recovery Associates, LLC ("PRA") allegedly may have used (either directly, through an attorney or agent, or through a legal filing) an alleged deficient and improperly executed and notarized affidavit provided by Providian National Bank and/or Washington Mutual Bank.  You have received this notice because records indicate that you may be a member of the Class.  Your legal rights will be affected by the settlement of this lawsuit.

Please read this notice carefully.  It explains the lawsuit, the settlement, and your legal rights, including the process for receiving a settlement check, excluding yourself from the settlement, or objecting to the settlement.

### What is this lawsuit about?

This lawsuit was filed on May 21, 2008, in the United States District Court for the District of Montana.  The plaintiff, Jeanie Cole, claims that PRA violated state and federal law, including the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.*, by allegedly improperly using and/or relying upon an allegedly deficient and improperly executed and notarized affidavit provided by Providian National Bank and/or Washington Mutual Bank.

Exhibit B

PRA denies that it violated any law or regulation.

**Why is this a class action?**

In a class action, one or more people, called "Class Representatives" (in this case Ms. Cole), sue on behalf of people who have similar claims. All of these people together are a "Class" or "Class Members." The Court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

**Why is there a settlement?**

The plaintiff and PRA have agreed to settle the lawsuit to avoid the time, risk, and expense of defending the lawsuit and to achieve a final resolution of the claims. Under the proposed settlement, Class Members will have the opportunity to obtain a payment in exchange for giving up certain legal rights. The Class Representative and the attorneys think the settlement is best for all Class Members.

**How do I know if my claims are included in the settlement?**

You received this notice because PRA's records identified you as a possible Class Member. That means you potentially fit the description of the Class, which the Court certified for this settlement. The Class consists of all persons against whom PRA used (either directly, through an attorney or agent, or through a legal filing) an affidavit substantially similar to the affidavit form attached to Plaintiff's Second Amended Complaint as Exhibit B.

The Class is divided into the following 3 Subclasses:

<u>Subclass A Members—Class Members Not Sued</u> – The Subclass A Members include those Class Members who were *not* sued by PRA.

<u>Subclass B Members—Class Members Sued, Lawsuit *Un*contested</u> – The Subclass B Members include those Class Members PRA sued, but who did *not* "Contest" (as defined below) the collection lawsuit PRA filed against them.

<u>Subclass C Members—Class Members Sued, Lawsuit Contested</u> – The Subclass C Members include those Class Members PRA sued, and who did "Contest" (as defined below) the collection lawsuit PRA filed against them.

<u>"Contest"</u> or <u>"Contested"</u> for purposes of determining what Subclass a Class Member falls into shall relate to whether the Class Member answered the collection lawsuit filed against him or her by PRA, or in someway responded to the collection lawsuit by filing a pleading (or other papers) in the collection lawsuit.

2

**How do I know what Subclass I fall into?**

Look at the enclosed Claim Form. If you are in Subclass A, your Claim Form will say "Claim Form—Subclass A Members." If you are in Subclass B or C, your Claim Form will say "Claim Form—Subclass B and C Members."

If you "Contested" the collection lawsuit PRA filed against you (as defined above), then you fall into Subclass C and you will need to certify that fact by completing the certification on the backside of your Claim Form for Subclass B and C Members. *Please understand that you cannot make a false certification. If you make a false certification, you will not be entitled to any settlement check, as described below.*

**What does the settlement provide?**

PRA will issue a settlement check to every Class Member who has not excluded himself or herself from the settlement (as explained below) and who has submitted a timely and properly completed Claim Form. The amount of the check will depend upon what Subclass the Class Member falls into, with the check amounts being $25 for Subclass A Members; $70 for Subclass B Members; and, $200 for Subclass C Members. PRA will also pay attorneys' fees, costs, and expenses in addition to the relief provided to the Class Members, in an amount approved by the Court. Class Counsel has not yet filed papers requesting that the Court approve fees and expenses in any amount. Class Counsel intends to apply to the Court for a service payment of $2,000 for the Class Representative to compensate her for helping to bring the lawsuit and PRA has agreed to pay that service payment if the Court approves the settlement. PRA has also agreed to pay the costs associated with settlement notice and administration.

**How much will I be paid?**

It depends upon what Subclass you fall into. If you do not exclude yourself from the settlement and you timely return the attached Claim Form properly completed, you will receive a settlement check based upon what Subclass you fall into as follows: Subclass A Members will receive a $25 settlement check; Subclass B Members will receive a $70 settlement check; and Subclass C Members will receive a $200 settlement check.

**How can I get a payment?**

To qualify for a payment, you must return a signed and properly completed Claim Form by March 6, 2010. A Claim Form is enclosed with this notice.

If you do not return the completed Claim Form timely, you will not receive a settlement payment.

**When will I be paid?**

If the Court approves the settlement, you will be paid as soon as possible after the Court order

3

becomes final, estimated to be no sooner than April 18, 2010. If there is an appeal of the settlement, payment may be delayed.

**What rights am I giving up in this settlement?**

Unless you exclude yourself from this settlement, you will be considered a member of the Class, which means you give up your right to sue or continue a lawsuit against PRA regarding the legal issues that were raised or could have been raised in this case. Giving up your legal claims is called a release. Unless you formally exclude yourself from this settlement, you will release your claims whether or not you submit a Claim Form and receive a settlement payment.

The released parties include PRA and its affiliated entities. You will be releasing these parties from all claims related to the allegedly deficient affidavit that may have been used against you.

For more information on the release, released parties, and released claims, you may obtain a copy of the Class Action Settlement Agreement from the Class Counsel at the address below.

**Can I exclude myself from the settlement?**

You may exclude yourself from the settlement. If you exclude yourself from the settlement, you will not receive any settlement payment, but you will retain the right to sue PRA separately, at your own expense, for any claims you might have.

**How do I exclude myself from the settlement?**

If you wish to be excluded, you must mail a written request for exclusion to the PRA/Cole Settlement Administrator at:

**First Class, Inc. / J10659BC - Cole<br>
5410 W Roosevelt Rd Ste 222<br>
Chicago, IL 60644-1479**

Your request for exclusion must be in writing and postmarked on or before March 6, 2010. The request must state: "I do not want to be part of the Class in Cole v. PRA." The request should be signed, with your name, address, and telephone number printed below your signature. The address you use should be the address to which this notice was mailed, so that you can be properly identified.

**When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing on *March 19, 2010, at 1:30 P.M.* The hearing will be held in the United States District Court, District of Montana, Missouri River Courthouse, 125 Central Avenue West, Great Falls, MT 59404. At the Fairness Hearing, the Court will consider whether the proposed settlement is fair, reasonable, and adequate. The Court will hear objections to the settlement, if any.

4

After the hearing, the Court will decide whether to approve the settlement.  We do not know how long the Court will take to make its decision.  In addition, the hearing may be continued at any time by the Court without further notice to you.

**Do I have to attend the hearing?**

No.  You are not required to attend the hearing.  But you are welcome to attend the hearing at your own expense, and you may ask the Court's permission to speak.  To do so, you must send a letter stating that it is your intention to appear in Cole v. PRA.  Be sure to include your name, address, telephone number, and signature.  Your letter stating your intention to appear must be received no later than March 6, 2010 and be sent to the Clerk of Court, Class Counsel, and Defense Counsel at the addresses below.

You cannot speak at the hearing if you have excluded yourself from the settlement.  Once you have excluded yourself, the settlement does not affect your legal rights.

**What if I want to object to the settlement?**

If you have not excluded yourself from the settlement, you can object to the settlement if you do not believe it is fair or reasonable.  If you wish to object, you must write a letter to the Court stating the specific reason for your objection, and describe any evidence you wish to introduce to support your objection.  Please include your name, address, telephone number, and your signature.  Your letter must be mailed to all of the locations listed below, postmarked by March 6, 2010.  You may combine your objection with a letter stating your intention to appear.

| Court | Class Counsel | Defense Counsel |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>District of Montana<br>Missouri River Courthouse<br>125 Central Avenue West<br>Great Falls, MT  59404 | John Heenan, Esq.<br>Heenan Law Firm<br>PRA/Cole Settlement<br>P.O. Box 2278, Billings, MT 59103 | David Israel, Esq.<br>Bryan Shartle, Esq.<br>Sessions, Fishman, Nathan & Israel, LLC<br>PRA/Cole Settlement<br>P.O. Box 6680<br>Metairie, LA 70009-6680 |

**What if I do nothing?**

If you do nothing, you will not receive any settlement check.  Unless you exclude yourself from the settlement, you will not be able to sue or continue a lawsuit against the released parties regarding the legal issues in this case.

**What will happen if the Court does not approve the settlement?**

If the Court does not approve the settlement, or if it approves the settlement and the approval is reversed on appeal, or if the settlement does not become final for some other reason, you will not be paid at this time and the case will continue.  The parties may negotiate a different settlement or the case may go to trial.

**Who represents the Class?**

The attorneys who have been appointed by the Court to represent the Class are:

| | |
|---|---|
| John C. Heenan<br>HEENAN LAW FIRM<br>P.O. Box 2278<br>Billings, MT 59103<br>Phone:  406-839-9091<br>Fax:  406-839-9092 | A. Clifford Edwards<br>Triel Culver<br>EDWARDS, FRICKLE & CULVER<br>P.O. Box 20039<br>Billings, MT 59104-0039<br>Phone:  406-256-8155<br>Fax:  406-256-8159 |

Benjamin R. Bingham
Royal B. Lea, III
BINGHAM & LEA, P.C.
319 Maverick Street
San Antonio, TX 78212
Phone:  210-224-1819
Fax:  210-224-0141

**Where can I get additional information?**

This notice is only a summary of the proposed settlement of this lawsuit.  All pleadings and documents filed in Court, including the Class Action Settlement Agreement, may be reviewed or copied in the Clerk of Court, United States District Court for the District of Montana or by contacting Class Counsel.  **Please do not call the Judge about this case**.  **Neither the Judge, nor the Clerk of Court, will be able to give you advice about this case.**

Clerk of Court<br>
United States District Court<br>
District of Montana

Mailing Date:  February 4, 2010

| | | |
|---|---|---|
| **First Class, Inc. J10659BC - Cole**<br>**5410 W Roosevelt Rd, Ste 222**<br>**Chicago, IL 60644-1479** | **CLAIM FORM** | PRESORTED<br>FIRST CLASS MAIL<br>U.S. POSTAGE<br>PAID<br>CHICAGO IL<br>PERMIT NO. 3182 |

**FORWARDING SERVICE REQUESTED**

### CLAIM FORM—SUBCLASS B AND C MEMBERS

To receive a $70 settlement check, you must complete, sign, and return this claim form.  If, after completing and signing this claim form, you do not return it to the PRA Claims Administrator at the below address, by first class mail, postmarked on or before March 6, 2010, you will *not* receive a settlement check.  Any claim form postmarked after March 6, 2010 will *not* be considered valid.  Save a copy of what you mail the Claims Administrator.

Also, if you "Contested" the collection lawsuit PRA filed against you, you may qualify for a $200 settlement check.  You must, however, certify that you "Contested" your lawsuit by completing the certification on the backside of this claim form.  You "Contested" the lawsuit *only* if you answered the lawsuit filed against you, or you in someway responded to the lawsuit by filing a pleading or papers in the lawsuit.  ***Please understand that you cannot make a false certification.  If you make a false certification, you will not be entitled to any settlement check***.

For a discussion of the benefits of the settlement, please refer to the enclosed notice.  The earliest date to expect the check will be approximately April 18, 2010 if there is no appeal in the case.  **If you want the check mailed to an address different from where you received this notice, indicate the address on the following line:**

_____

**PLEASE NOTE:  The personal information you are providing will not be disclosed to any other person or company, or used for any collection purpose.**

**Mail Completed Claim Form To:**

**First Class Inc. / J10659BC – Cole**
**5410 W Roosevelt Rd Ste 222**
**Chicago, IL 60644-1479**

### VERIFICATION

I understand that by submitting this claim form and accepting the settlement check, I am releasing PRA from the claims made against the company in the lawsuit.  By signing below, I also hereby verify under penalty of perjury that I am the individual named on the notice mailed to me along with this claim form.

_____    _____    _____
Sign Your Name Here                              Print Your Name Here                              Date

## **CERTIFICATION**

      As noted, if you "Contested" the collection lawsuit PRA filed against you, you may qualify for a larger settlement check.  You must, however, certify that you "Contested" your lawsuit by signing and completing this certification.  You "Contested" the lawsuit ***only*** if you answered the lawsuit filed against you, or you in someway responded to the lawsuit by filing a pleading or papers in the lawsuit.  ***Please understand that you cannot make a false certification.  If you make a false certification, you will not be entitled to any settlement check***.

      I hereby certify under penalty of perjury that I "Contested" the collection lawsuit PRA filed against me.

_____      _____      _____
Sign Your Name Here                                    Print Your Name Here                                  Date