IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| JEANIE COLE, CATHY SWITTERS, JAMES MOSTI, and KAREN JENNINGS<br><br>Plaintiffs,<br><br>vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC, et al.,<br><br>Defendants. | HON. KEITH STRONG<br><br>CV-08-036-GF-SHE-RKS |

**FINAL ORDER AND JUDGMENT AS TO**
**DEFENDANTS CACV OF COLORADO, LLC AND CACH, LLC**

On March 9, 2009, Plaintiffs Jeanie Cole, Cathy Switters and James Mosti, filed a Second Amended Complaint in the above-captioned lawsuit (hereinafter referred to as the "Lawsuit"), which added as a defendant, CACV of Colorado, LLC (hereinafter referred to as "CACV"). Pursuant to the Class Action Settlement Agreement described herein and the Court's Order dated January 15, 2010, Plaintiffs filed a Third Amended Complaint in the Lawsuit, which named Karen Jennings as a plaintiff and CACH, LLC ("CACH") as a defendant. (Plaintiffs Switters, Mosti and Jennings are hereinafter referred to collectively as "Plaintiffs.") The Lawsuit relates to CACV's and CACH's alleged improper use and/or reliance upon allegedly deficient and improperly executed and notarized

affidavits provided by Providian National Bank ("Providian") and/or Washington Mutual Bank ("WaMu") and/or JP MorganChase Bank, N.A. ("Chase").

In the Third Amended Complaint, Plaintiffs asserted class claims against CACV and CACH under state and federal law, including the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

CACV and CACH deny that they violated any law or regulation and further deny that they had any prior knowledge of the practices of Providian, WaMu, Chase, and the employees of those banks which gave rise to this litigation. CACV and CACH assert that they properly and lawfully relied upon the signature and seal of a licensed notary public in using the affidavits at issue, and that the entire purpose of a notary's seal is to permit such reliance.

In November 2009, after extensive arms-length negotiations lasting over three (3) months, Plaintiffs, and CACV and CACH (hereinafter jointly referred to as the "Parties") entered into a Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which is subject to review under Fed. R. Civ. P. 23.

On November 13, 2009, the Parties filed the Agreement, along with their Motion for Preliminary Approval of Class Action Settlement, Preliminary Certification of Settlement Class and Approval of Notice of Proposed Class Action Settlement (hereinafter referred to as the "Preliminary Approval Motion").

On or about November 23, 2009, within ten days of filing the proposed settlement with the Court, CACV and CACH (collectively "Defendants") complied with the requirements of 28 U.S.C. § 1715.

On December 17, 2009, the Court heard the Parties' Preliminary Approval Motion.

On January 15, 2010, upon consideration of the Parties' Preliminary

Approval Motion and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement, Preliminary Approval of Settlement Class and Approval of Notice of Proposed Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement; (iii) appointed Plaintiffs Cathy Switters, James Mosti and Karen Jennings as the Class Representatives; (iv) appointed HEENAN LAW FIRM; EDWARDS, FRICKLE & CULVER; and, BINGHAM & LEA, P.C., as Class Counsel for the Class Members; (v) granted Plaintiffs' Motion for Leave to File a Third Amended Complaint with respect to those aspects relevant to the proposed Class Action Settlement; and (vi) set the date and time of the Fairness Hearing.

As a result of a mistake and through no conscious disregard of the preliminary approval order the form of the class notice and the claim form mailed to the Class varied from the form approved by the Court. With regard to the claim form the error was harmless. With regard to the error on the class notice Defendants have agreed to provide additional relief to Class Members who submitted claim forms in reliance upon the erroneous verbiage so that Defendants will provide both the relief provided for by the Agreement and the additional relief indicated by the class notice.

On March 8, 2010, the Parties filed their Motion for Final Approval of Class Action Settlement (hereinafter referred to as the "Final Approval Motion").

On March 19, 2010, a Final Fairness Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be fully and finally approved by the Court.

The Parties have requested final certification of the settlement class under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed class action settlement.

The Court has read and considered the Agreement, Final Approval Motion, and record. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2. <u>CLASS MEMBERS</u>.  Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby finally certified, for settlement purposes only, as a class action on behalf of the following Class Members with respect to the claims asserted in the Lawsuit:

> All persons who are or previously were indebted on Providian National Bank credit card accounts and against whom CACV or CACH used, in any manner, an affidavit that either:  (a) was signed by a purported agent of Providian National Bank after October 1, 2005 or (b) was signed with a "/" as part of the signature of the purported affiant.

3. There are in excess of 33,000 Class Members.

4. <u>SUBCLASSES</u>.  The Class Members will be divided into the following 4 Subclasses:

<u>Subclass A Members</u> – Subclass A members include those Class Members as to whom affidavits were prepared for CACV after October 1, 2005, which affidavits do not have a "/" as part of the affiant's signature.

<u>Subclass B Members</u> – Subclass B members include those Class Members as to whom affidavits were prepared for CACV after October 1, 2005, which affidavits have a "/" as part of the affiant's signature.

<u>Subclass C Members</u> – Subclass C members include those Class Members as to whom affidavits were prepared for CACH after October 1, 2005, which affidavits do not have a "/" as part of the affiant's signature.

<u>Subclass D Members</u> – Subclass D members include those Class Members as to whom affidavits were prepared for CACH after October 1, 2005, which affidavits have a "/" as part of the affiant's signature.

5. <u>"Contest"</u> or <u>"Contested"</u> for purposes of determining what Subclass a Class Member falls into shall relate to whether the Class Member answered the collection lawsuit filed against him or her by CACV or CACH, or in some way responded to the collection lawsuit by making an appearance or filing a pleading in the collection lawsuit.

6. <u>CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT</u>. Pursuant to Fed. R. Civ. P. 23, the Court finally certifies Plaintiffs Cathy Switters, James Mosti and Karen Jennings as the Class Representatives and the HEENAN LAW FIRM; EDWARDS, FRICKLE & CULVER; and, BINGHAM & LEA, P.C., as Class Counsel for the Class Members.

7. <u>NOTICES AND CLAIM FORMS</u>. Class action notices and claim forms were mailed to all of the Class Members. The form and method for notifying the Class Members of the settlement and its terms and conditions satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the proposed notice was clearly designed to advise the Class Members of their rights.

8. <u>FINAL CLASS CERTIFICATION</u>.  The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

- A. The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;
- B. There are questions of law and fact common to the Class Members, which predominate over any individual questions;
- C. The claims of the Plaintiff are typical of the claims of the Class Members;
- D. The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and
- E. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

9. The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement and as set forth below, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiffs' case; the strength of CACV's and CACH's defenses; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Class; and, the limited amount of any potential total recovery for the class.

10. <u>SETTLEMENT TERMS</u>.  The Agreement, which is on file in this case shall be deemed incorporated herein, and the proposed settlement set forth in the Agreement is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court.

The material terms of the Settlement include, but are not limited to, the following:

- A. Defendants shall pay Plaintiff Cathy Switters $5,000 for her services as a Class Representative and for her individual settlement;
- B. CACV shall release its state court judgment against Plaintiff James Mosti for his services as a Class Representative and for his individual settlement;
- C. Defendants shall pay Plaintiff Karen Jennings $5,000 for her services as a Class Representative and for her individual settlement;
- D. Defendants shall make payments and provide account credits to Class Members as follows:
- I. <u>Subclass A—$25 Settlement Credits and Checks</u>.  Each Subclass A Member who has properly completed and timely returned a Claim Form by May 19, 2010, and whose account is still owned by CACV as of April 18, 2010, will be sent a $25 settlement check.  Every other Subclass A Member whose account is still owned by CACV as of April 18, 2010, will receive a $25 account credit. Timely submitted claim forms with no box checked shall be deemed to be Subclass A or C claims.
- II. <u>Subclass B—$75 Settlement Check and Account Credit</u>.  Each Subclass B Member who has properly completed and timely returned a Claim Form by May 19, 2010, will be sent a $75 settlement check, and will receive:
    - (a) a $160 credit on his/her credit card account (or the remaining balance on that account, whichever is lower) if no judgment has been entered against him/her with respect to that account; or

    (b)    a $320 credit on his/her credit card account (or the remaining balance on that account, whichever is lower) if a default judgment has been entered against him/her with respect to that account; or

    (c)    a $480 credit on his/her credit card account (or the remaining balance on that account, whichever is lower) if a judgment was taken in a Contested Litigation.

III.    <u>Subclass C—$25 Settlement Credits and Checks</u>.  Each Subclass C Member who has properly completed and timely returned a Claim Form and whose account is still owned by CACH as of April 18, 2010, will be sent a $25 settlement check.  Every other Subclass C Member whose account is still owned by CACH as of April 18, 2010, will receive a $25 account credit. Timely submitted claims forms with no box checked shall be deemed to be Subclass A or C claims.

IV.    <u>Subclass D—$75 Settlement Check and Account Credit</u>.  Each Subclass D Member who has properly completed and timely returned a Claim Form by May 19, 2010, will be sent a $75 settlement check, and will receive:

    (a)    a $160 credit on his/her credit card account (or the remaining balance on that account, whichever is lower) if no judgment has been entered against him/her with respect to that account; or

    (b)    a $320 credit on his/her credit card account (or the remaining balance on that account, whichever is lower) if a default judgment has been entered against him/her with respect to that account; or

      (c)    a $480 credit on his/her credit card account (or the remaining balance on that account, whichever is lower) if a judgment was taken in a contested litigation.

No Class Member shall be entitled to receive an account credit higher than the amount due on his or her credit card account owned by CACV or CACH at the time his/her Claim Form is postmarked.  Furthermore, no Class Member shall be entitled to more than one recovery as set forth above, even if he or she received multiple affidavits or was sued on multiple accounts; and

    E.    Defendants shall pay Class Counsel a total of $215,500 in attorneys' fees, costs, and expenses, which the Court finds to be a reasonable fee in relation to the work expended.

    11.    <u>OBJECTIONS AND EXCLUSIONS</u>.  The Class Members were given a fair and reasonable opportunity to object to the settlement.  No Class Member objected to the settlement.  The Class Members who made valid and timely requests for exclusion are excluded from the class and settlement and are not bound by this Order.

    12.    This order is binding on all Class Members, except those individuals who validly and timely excluded themselves from the Class, as identified by the Parties.

    13.    <u>RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT</u>.  The individual and class Releases set forth in the Agreement are hereby approved.  Pursuant to the release contained in the Agreement, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this Order.

    14.    Plaintiffs, the Class Members, and all of their heirs, executors, administrators, successors, assigns, and any person or entity acting for, on behalf

9

of, or for the benefit of any such persons are hereby permanently enjoined from suing upon, pursuing, or demanding any legal or equitable relief for any of the Released Claims, save and except for the compensation set forth above.

15. In the event that any Class Member's account is recalled from or sold by CACV or CACH the transferred account balance shall reflect the credits provided for by this order, and any transferee or assignee from CACV or CACH of a Class Member's account who receives notice of this judgment is ordered to honor such account credits.

16. The Lawsuit is hereby dismissed with prejudice in all respects as to CACV and CACH.

17. This Order, the attached Agreement, and the existence and nature of the Settlement are not, and shall not be construed as, an admission by CACV or CACH of any liability or wrongdoing in this or in any other proceeding.

18. The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this Order.

<u>ORDER</u>

IT IS SO ORDERED.


DATED: March 19, 2010          /s/Keith Strong
                               United States Magistrate Judge
                               KEITH STRONG