## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| JEANIE COLE, *et al.*,     ) | |
|     ) | **Case No. 4:08-cv-00036-RKS** |
| Plaintiff,     ) | |
|     ) | |
| v.     ) | |
|     ) | |
| PORTFOLIO RECOVERY     ) | |
| ASSOCIATES, LLC, *et al.*,     ) | |
|     ) | |
| Defendants.     ) | |

## FINAL ORDER AND JUDGMENT

On May 21, 2008, plaintiff, Jeanie Cole (hereinafter referred to as "Plaintiff" or "Class Representative"), filed the above-captioned lawsuit (hereinafter referred to as the "Lawsuit") against defendant, Portfolio Recovery Associates, LLC (hereinafter referred to as "PRA"). The Lawsuit relates to PRA's alleged improper use and/or reliance upon an allegedly deficient and improperly executed and notarized affidavit provided by Providian National Bank and/or Washington Mutual Bank.

Plaintiff asserted class claims against PRA under state and federal law, including the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq.*

1

PRA denied any and all liability alleged in the Lawsuit.

On June 17, 2009, after extensive arms-length negotiations, discovery, and a two-day mediation, Plaintiff and PRA (hereinafter jointly referred to as the "Parties") entered into a Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which is subject to review under Fed. R. Civ. P. 23.

On July 22, 2009, the Parties filed the Agreement, along with their Motion for Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Motion").

In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, PRA served written notice of the proposed class settlement on the appropriate federal and state officials on July 31, 2009.

On January 20, 2010, upon consideration of the Parties' Preliminary Approval Motion and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order").  Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement; (iii) appointed Plaintiff Jeanie Cole as the Class Representative; (iv) appointed HEENAN LAW FIRM; EDWARDS, FRICKLE & CULVER; and, BINGHAM &

LEA, P.C., as Class Counsel for the Class Members; and, (v) set the date and time of the Fairness Hearing.

On March 5, 2010, Plaintiff filed an unopposed motion to add Jennifer Bores as an additional plaintiff and class representative, which the Court hereby grants.

On March 12, 2010, the Parties filed their Joint Motion for Final Approval of Class Action Settlement (hereinafter referred to as the "Final Approval Motion").

On March 19, 2010, a Fairness Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court.

The Parties now request final certification of the settlement class under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed class action settlement.

The Court has read and considered the Agreement, Final Approval Motion, and record.  All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     **JURISDICTION** – The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

3

2.     **CLASS MEMBERS** – Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby finally certified, for settlement purposes only, as a class action on behalf of the following Class Members with respect to the claims asserted in the Lawsuit:

> All persons against whom PRA used (either directly, through an attorney or agent, or through a legal filing) an affidavit substantially similar to the affidavit form attached to Plaintiff's Second Amended Complaint as Exhibit B.

3.     PRA initially represented to the Court that there were approximately 14,710 Class Members, including 4,925 Subclass A Members.  However, during the process of preparing claim notices and claim forms for mailing, PRA discovered that its initial findings regarding the number of Class Members contained duplicates, and that, in fact, there were only 14,552 Class Members, including 4,789 Subclass A Members.

4.     **SUBCLASSES** – The Class Members are divided into the following 3 Subclasses:

A.     **Subclass A Members—Class Members Not Sued** – The Subclass A Members include those Class Members who were *not* sued by PRA.  As noted, there are 4,789 Subclass A Members.

B.     **Subclass B Members—Class Members Sued, Lawsuit *Un*contested** – The Subclass B Members include those Class Members PRA sued,

4

who did *not* "Contest" (as defined below) the collection lawsuit PRA filed against them.  PRA is unsure as to the number of Subclass B Members.

      C.      **<u>Subclass C Members—Class Members Sued, Lawsuit Contested</u>** – The Subclass C Members include those Class Members PRA sued, who did "Contest" (as defined below) the collection lawsuit PRA filed against them.  PRA is unsure as to the number of Subclass C Members.

      5.      "<u>Contest</u>" or "<u>Contested</u>" for purposes of determining what Subclass a Class Member falls into relates to whether the Class Member answered the collection lawsuit filed against him or her by PRA, or in someway responded to the collection lawsuit by making an appearance or filing a pleading in the collection lawsuit.

      6.      **<u>CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT</u>** – Pursuant to Fed. R. Civ. P. 23, the Court finally certifies Plaintiff Jeanie Cole and Plaintiff Jennifer Bores as the Class Representatives and the HEENAN LAW FIRM; EDWARDS, FRICKLE & CULVER; and, BINGHAM & LEA, P.C., as Class Counsel for the Class Members.

      7.      **<u>NOTICES AND CLAIM FORMS</u>** – Pursuant to the Court's Preliminary Approval Order, the approved class action notices were mailed, along with the approved claim forms.  The form and method for notifying the Class Members of the settlement and its terms and conditions was in conformity with this

Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances.  The Court finds that the proposed notices were clearly designed to advise the Class Members of their rights.

8.    **FINAL CLASS CERTIFICATION** – The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A.    The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

B.    There are questions of law and fact common to the Class Members, which predominate over any individual questions;

C.    The claims of the Plaintiffs are typical of the claims of the Class Members;

D.    The Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

E.    Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

9.     **OBJECTION** – There was one objection submitted in opposition to the proposed class settlement.   For the reasons explained below, the Court overrules the objection.

10.     As stated in the Court's Preliminary Approval Order and the approved notices, "[t]o be considered, [a] written objection must state: the Class Member's full name, address, and telephone number; the reasons for his or her objection; and, whether he or she intends to appear at the Fairness Hearing on his or her own behalf or through counsel.   Further, the Class Member must attach to his or her objection any documents supporting the objection."   Docket No. 279, at ¶ 11.   In addition, "any such Class Member must, within the same time period, provide a copy of the written objection to Class Counsel, Attention:  PRA/Cole Settlement, HEENAN LAW FIRM, P.O. Box 2278, Billings, MT 59103, and counsel for PRA, Attention:  PRA/Cole Settlement, SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P., at P.O. Box 6680, Metairie, LA 70009-6680."   *Id.*   "Class Members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the settlement."   *Id.*

11.     Dennis Berkla submitted a written objection to the Court, which was filed in the record on March 09, 2010.   *See* Docket No. 296.   In his submission, Mr. Berkla states the relief afforded under the settlement "is wholly inadequate."

*Id.* The Parties believe the objection should be overruled. The Court agrees.

12.     The Court overrules the objection for 4 reasons. First, written notice of the objection was not provided to all counsel, as required by the Court's Preliminary Approval Order.

13.     Second, Mr. Berkla appears to desire to participate in the settlement. Mr. Berkla included a fully-executed claim form and certification along with his objection, indicating his desire and willingness to participate in the settlement as a Subclass C Member. Because Mr. Berkla clearly desires to participate in the settlement, he cannot object to it.[1]

14.     Third, the Court notes that this case involved complicated legal issues, including the fact that Plaintiffs were–long after the FDCPA limitations period had expired–attempting in Federal Court to set aside final judgments of state courts throughout the nation, thus implicating judicial policies of comity, the Rooker-Feldman doctrine, and state-court finality rules and policies. Given the complexities of this case, the legal hurdles facing the Plaintiffs, and the uncertainties of litigation, the Court believes the settlement is fair and adequate.

15.     Fourth, Mr. Berkla's lone objection should be measured against the thousands of Class Members who received notice and did *not* object to the fairness

---

[1] Even though Mr. Berkla did not properly submit his claim form, PRA has agreed to treat Mr. Berkla as an eligible Subclass C Member entitled to receive a settlement check pursuant to the Agreement.

of the settlement, and the thousands that showed their approval of the settlement by submitting a claim form.  Based upon the foregoing reasons, the Court overrules Mr. Berkla's objection.

16. **FINAL APPROVAL OF THE CLASS SETTLEMENT** – The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiffs' case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the class; and, the limited amount of any potential total recovery for the class.

17. **SETTLEMENT TERMS** – The Agreement, which is deemed incorporated herein, and the proposed settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court.  The material terms of the Agreement include, but are not limited to, the following:

A. PRA must pay both Plaintiff Cole and Plaintiff Bores each $2,000 for their services as the Class Representatives and settlements;

B. PRA must pay each of the 486 Subclass A Members identified on **Exhibit 3** to the Parties' Final Approval Motion $25, for a total of

9

$12,150 in settlement checks to Subclass A Members;

C.   PRA must pay each of the 916 Subclass B Members identified on **Exhibit 4** to the Parties' Final Approval Motion $70, for a total of $64,120 in settlement checks to Subclass B Members;

D.   PRA must pay each of the 481 Subclass C Members identified on **Exhibit 5** to the Parties' Final Approval Motion $200, for a total of $96,200 in settlement checks to Subclass C Members; and

18.   **CLASS COUNSEL'S FEES, COSTS, AND EXPENSES** – Class Counsel filed an Application for Attorneys' Fees, Costs, and Expenses, requesting a total of $375,000.  *See* Docket No. 172.  Following submission of the application, Class Counsel and PRA reached an agreement regarding Class Counsel's fees, costs, and expenses.  Class Counsel has agreed to reduce its request to $212,500 in fees, costs, and expenses, and PRA has agreed that it will not oppose such request. The Court finds than an award of $212,500 in attorneys' fees, costs, and expenses is appropriate a hereby awards said amount to Class Counsel.

19.   **EXCLUSIONS** – The 10 Class Members who made valid and timely requests for exclusion are excluded from the class and settlement and are not

bound by this order.[2]

20.     This order is binding on all Class Members, except those individuals who validly and timely excluded themselves from the class.

21.     **<u>RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT</u>** – The Class Representatives, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement.  Pursuant to the release contained in the Agreement, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this order.

22.     The Lawsuit is hereby dismissed with prejudice in all respects as to PRA.

23.     This order is not, and shall not be construed as, an admission by PRA of any liability or wrongdoing in this or in any other proceeding.

24.     The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and

---

[2] These individuals are:  John K. Turbutton, Margaret Cabral, Robert A. Jackson, Sr., Clarissa Peterson, Judith C. Gilbert, Cecil C. Deas, Nancy J. Pascal, William W. Forte, Randy G. Mullins, and Gilbert Vega.

consummation of the settlement and this order.

<u>ORDER</u>

IT IS SO ORDERED.

DATED:  March 19, 2010          <u>*/s/Keith Strong*</u>
                                 KEITH STRONG
                                 UNITED STATES MAGISTRATE JUDGE