IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| JEANIE COLE,<br><br>Plaintiff,<br><br>       vs.<br><br>PORTFOLIO RECOVERY<br>ASSOCIATES, LLC, et al.<br><br>Defendants. | CV-08-36-GF-RKS<br><br>**ORDER** |

   A member of the public seeks access to the videotaped depositions of Martha Kunkle and Amy Jo Cauthern Munoz from counsel for Plaintiffs.  C.D. 323. The depositions were created during court ordered discovery in response to a motion to dismiss for lack of jurisdiction. C.D. 36.  Major written excerpts of the depositions were submitted in support of two dispositive motions.  C.D. 21, C.D. 91.  The written depositions are therefore largely a matter of public

-1-

record. C.D. 88, C.D. 91.  No protective order was granted in this case sheltering any documents from public access.  The Court has already refused to seal these depositions. C.D. 86,87. In response to any request from the public, the parties must produce those depositions regardless of what other constraints on discussing or publicizing them may exist.

Presumptively, parties must allow the public access to all discovery information.  Rule 26(c), F.R.Civ.P., Phillips v. General Motors Corp., 307 F.3d, 1206, 1210 (9th Cir. 2002); San Jose Mercury News, Inc. v. United States District Ct., 187 F.3d, 1096, 1103 (9th Cir. 1999). This access right overrides even a protective order for all documents specifically not found to be shielded from disclosure for good cause. Contratto v. Ethicon, Inc., 227 F.R.D. 304, 308 (N.D. Cal. 2005) (citing cases); Best v. BNSF Ry. Co., 2007 WL 2005577 at *2(E.D. Wash. 2007).

A party seeking to shield from public view documents filed with dispositive motions must show compelling reasons.  Pintos v. Pacific Creditors Ass'n., 565 F. 3d 1106 (9th Cir. 2009); Kamakana v. City and County of Honolulu, 447 F. 3d. 1172, 1178 (9th Cir. 2006) (Nixon v. Warner Communications, Inc., 435 U.S. 589, 597,598 (n.7 (1978)).

The parties have not shown or even attempted to show good cause much less any compelling interest to hide these documents. This is the third order in this matter holding so. C.D. 86,87. Counsel must upon request from a member of the public, including media, provide copies of all discovery materials and specifically the videotaped depositions of Martha Kunkle and Amy Jo Cauthern-Munoz. Plaintiffs' counsel's motion C.D. 324 is granted to that extent.

It is so ordered.

DATED this 7th day of January, 2011.

/s/ Keith Strong
Keith Strong
U.S. Magistrate Judge